STATE OF MISSOURI at the relation of AETNA LIFE INSURANCE COMPANY, Relator, v. RAY B. LUCAS, Superintendent of Insurance Department of the State, and R. W. WINN, State Treasurer.—153 S. W. (2d) 10.

Court en Banc, July 8, 1941.

Rehearing Denied, July 25, 1941.

*Jones, Hocker, Gladney & Grand* for relator.

288

*Roy McKittrick,* Attorney General, and *McHaney & Aschemeyer,* Special Counsel, *Charles L. Henson,* Chief Counsel and *Wm. G. Chorn,* Assistant Counsel Missouri Insurance Department, for respondents.

294

GANTT, C. J.—Relator seeks the cancellation of the assessment of a two per cent premium tax on Missouri annuity premiums collected by it during the year 1936. It contends that there is no statutory imposition of such a tax. The commissioner to take testimony and report sustained the contention of relator, excepting from the ruling certain refund annuity policies which he ruled to be life insurance.

Relator is a foreign insurance company. From 1890 to and including 1936, it was annually licensed to engage in the business of life, accident and health insurance in this State. Under the licenses it was authorized by statute to engage in the annuity business in this State. [Secs. 5722, 5723, 5724, 5725, 5892 and 5893, R. S. 1929.] As usual, relator's tax return for the year ending December 31, 1936, was made on a printed form furnished by the Insurance Department. On this form relator reported gross premiums received during the year for "LIFE BUSINESS ONLY," and separately reported on the form gross premiums received for "ACCIDENT, HEALTH OR LIABILITY BUSINESS." An affidavit to the return by an officer of relator stated that the above report is a correct statement of the gross amount of all premiums received in Missouri during the year ending December 31, 1936. On this return the superintendent assessed a two per cent tax on the amount of premiums reported, which was paid by the relator. As usual, the return did not include premiums received during the year on Missouri annuity policies.

It did include premiums received during the year on accident and health policies, which relator paid from year to year. On April 1, 1937, the superintendent assessed against relator the two per cent tax on the Missouri annuity premiums omitted from relator's 1936 return for taxation, which assessment is the subject of this controversy. This is the first time a Superintendent of Insurance separately assessed against relator a tax on Missouri annuity premiums. Respondents claim that the Insurance Department assumed, during the years, that relator's gross premium reports for taxation included premiums received on annuities. Relator paid a two or two and one-half per cent tax on annuity premiums in Louisiana, Illinois and Iowa prior to the separate assessment of the two per cent tax on annuity

premiums collected in this State. In those states it charged the same rate for annuity insurance that it charged for annuity insurance in Missouri. In other words, relator collected from people of this State a two per cent premium charge on annuities, which it retained, and now claims that no such tax is imposed by statute.

██ Life insurance companies are authorized in this State by Sec. 5690, R. S. 1929, which follows:

"Any number of persons, not less than thirteen, may associate and form a company for the purpose of making insurance upon the lives of individuals, and every assurance pertaining thereto or connected therewith, and to grant, purchase and dispose of annuities and endowments of every kind and description whatsoever, and to provide an indemnity against death, and for weekly or other periodic indemnity for disability occasioned by accident or sickness to the person of the insured; but such accident and health insurance shall be made a separate department of the business of the life insurance company undertaking it."

This section originated in Laws of Mo. 1869, page 27. It is admitted that under ██ the statute only life insurance companies are authorized to engage in the annuity business in this State. It will be noted that the section requires accident and health insurance to be "made a separate department of the business of the life insurance company." On the other hand annuities are assigned to "LIFE BUSINESS ONLY."

The life insurance business is a matter of public concern. For that reason the section above set forth was enacted. The Legislature knew that annuities were sold by life insurance companies. It knew that accident insurance and health insurance were sold by life insurance companies. It knew that annuities and accident and health insurance were not life insurance. For these reasons it separately authorized life insurance companies to engage in the business of selling annuities and in the business of selling accident and health insurance. It did so for the purpose of supervision, regulation and taxation. There could have been no other purpose. The section presents no ambiguity. In other words, the Legislature classified annuities and accident and health insurance as life insurance solely for the purpose of supervision, regulation and taxation. If so, the money collected on an annuity policy sold in this State is a life insurance premium within the meaning of Sec. 5979, R. S. 1929, which follows:

"Every insurance company . . . not organized under the laws of this state, shall, . . . annually pay tax upon the premiums received . . . in this state, or on account of business done in this state, for insurance of life, property or interest in this state at a rate of two per cent per annum in lieu of all other taxes . . ."

In 1879 taxation of insurance premiums originated in this State. [Sec. 6057, R. S. Mo. 1879.] It is admitted that "insurance of life," as used in this section, means life insurance.

Relator contends that the agreement for an annuity is a contract and not a policy, and also contends that the money paid for an annuity is a consideration and not a premium.

The contention must be overruled, for textwriters, insurance departments, those familiar with the insurance business, insurance men, including relator's agents, and the public have been, for many years, referring to annuity contracts as policies, and referring to the money paid for an annuity as a premium. Furthermore, relator states in advertisements that "the annuity is one of the oldest forms of insurance."

The sections above set forth clearly impose a tax of two per cent on annuity premiums collected in this State.

Absent ambiguity, there is no excuse for considering questions of legislative, departmental and strict construction. Relator cites cases as follows: Daniel et al. v. Life Insurance Co., 102 S. W. (2d) 256; State ex rel. v. Equitable Life Assur. Soc., 282 N. W. 411; State ex rel. Equitable Life Assur. Soc. v. Ham, 88 Pac. (2d) 484; Hall v. Metropolitan Life Ins. Co., 28 Pac. (2d) 875; Commonwealth v. Metropolitan Life Ins. Co., 98 Atl. 1072; People v. Knapp, 184 N. Y. Supp. 345; State ex rel. v. Benefit Assn., 6 Mo. App. 163; Artophone Corp. v. Coale, 345 Mo. 344, 133 S. W. (2d) 343; Bankers' Life Co. v. Chorn, 186 S. W. 681; Carroll v. Equitable Life Assur. Soc., 9 Fed. Supp. 223.

In those cases the question of the classification of annuities as life insurance for the purpose of supervision, regulation and taxation was not considered.

The peremptory writ should be denied. It is so ordered. All concur.