[Civil No. 4603. Filed June 1, 1943.]

[138 Pac. (2d) 284.]

STATE OF ARIZONA, SIDNEY P. OSBORN, JOE HUNT, ANA FROHMILLER, JOE CONWAY, DAN E. GARVEY, Members of and constituting the STATE LAND DEPARTMENT and O. C. WILLIAMS, State Land Commissioner, Appellants, v. JOSEPHINE F. BOYD, as Guardian Ad Litem for GEORGE ALBERT BOYD, an incompetent person, and JOSEPHINE F. BOYD, wife of GEORGE ALBERT BOYD, Appellees.

Mr. Joe Conway, Attorney General, Mr. Earl Anderson, Chief Assistant Attorney General, and Mr. Stephen B. Rayburn, Assistant Attorney General, for Appellant.

Mr. Phil J. Munch, for Appellees.

McALISTER, C. J.—This is an action by Josephine F. Boyd, and Josephine F. Boyd, guardian *ad litem* for George Albert Boyd, an incompetent person, against the State of Arizona, Sidney P. Osborn, Joe Hunt, Ana Frohmiller, Joe Conway and Dan E. Garvey, constituting the State Land Department, and O. C. Williams, State Land Commissioner, seeking an order construing patent No. 2560, for grant "S.L." land, issued by Sidney P. Osborn, Governor of the State of Arizona, and countersigned by Harry M. Moore, Secretary of State of Arizona, and decreeing the same to be a valid conveyance of the land therein described to George Albert Boyd and establishing a good title to the lands in him and Josephine F. Boyd, his wife. The land is described as follows:

"Tract No. Twenty-four (24); a subdivision of Section 16, Township 1 North, Range 4 East; G. & S. R. B. & M., as the same is plated and recorded in the office of the County Recorder of Maricopa County, Arizona, Book 23, at Page 48 thereof, less East Three Hundred (300) feet excepting and reserving unto the United States rights of way for canals and ditches constructed by their authority, containing 4.82 acres more or less;"

On May 31, 1938, George Albert Boyd applied for appraisement of this land and three appraisers were appointed. They appraised it at $482, and the improvements, consisting of house, fence, trees, water, etc., claimed by George Albert Boyd, were appraised at $1,468. This land, together with other lands situate

in Maricopa County, Arizona, in Section 5, Township 1 N., Range 2 W.; in Sections 15 and 22, Township 1 N., Range 5 W.; in Section 16, Township 1 N., Range 6 W.; in Section 36, Township 4 N., Range 1 West; in Sections 20 and 21, Township 1 South, Range 2 W.; in Section 16, Township 4 South, Range 8 W.; in Section 8, Township 2 N., Range 4 E.; in Section 36, Township 1 S., Range 3 E.; in Section 33, Township 1 South, Range 7 E.; in Section 16, Township 2 S., Range 6 E., all of the Gila and Salt River Base and Meridian, comprising a total of 2,090.82 acres, was offered for sale and notice thereof, dated August 3, 1938, was numbered 218, and Saturday, the 15th day of October, 1938, at 10 o'clock a. m. at the front door of the court house in the City of Phoenix, County of Maricopa, State of Arizona, was the time and place fixed by such notice for holding the sale.

The notice of sale was published in ''The Messenger,'' a newspaper of general circulation in Phoenix, the state capital of the State of Arizona, for ten successive weeks, and it was also published for ten successive weeks in the ''Gilbert Enterprise,'' a newspaper published in Gilbert, Maricopa County, Arizona, of general circulation, nearest the location of the major portion of said land, the first publication appearing on August 5, 1938, and the last on October 7, 1938.

The land above described, 4.82 acres, and only 170 acres of the remainder of all of the lands offered for sale, lie nearest to the Town of Tempe, County of Maricopa, where there is, and was at the dates upon which said notice of sale was published, a newspaper of general circulation. On the 15th day of October, 1938, the sale was had and at such sale George Albert Boyd was the highest and best bidder, $482. Thereupon the State Land Department, by Gus Williams, its sales agent, issued its sales receipt No. 5910, to George Albert Boyd, showing the sale of real estate,

as above described to him for $482. Thereafter the State Land Department, by its duly authorized officers, executed and issued its certificate of purchase, No. 6670, to George Albert Boyd for said real estate and George Albert Boyd, having made payment in full to the State of Arizona, of all purchase money and such interest as may have been due, the State of Arizona issued to him patent No. 2560, conveying the 4.82 acres of land above described.

█ The sole question presented by this record is whether the procedure followed by the land commissioner in selling the land in question was in accordance with the Enabling Act, the Constitution, and the statutes of the State of Arizona in that the notice was published in the "Gilbert Enterprise" when there was a newspaper of general circulation published in Tempe, Arizona, which is nearer the land.

Section 28 of the Enabling Act provides, among other things, as follows:

" . . . Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction to be held at the county seat of the county wherein the lands to be affected, or the major portion thereof, shall lie, notice of which public auction shall first have been duly given by advertisement, which shall set forth the nature, time, and place of the transaction to be had, with a full description of the lands to be offered, and be published once each week for not less than ten successive weeks in a newspaper of general circulation published regularly at the state capital, and in the newspaper of the circulation which shall then be regularly published nearest to the location of such lands so offered. . . . "

"Every sale, lease, conveyance, or contract of or concerning any of the lands hereby granted or confirmed, or the use thereof or the natural products thereof, not made in substantial conformity with the provisions of this act shall be null and void, any provisions of the constitution or laws of the said state to the contrary notwithstanding. . . . "

Section 3, Article X, of the Arizona Constitution, provides:

" . . . Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction to be held at the county seat of the county wherein the lands to be affected, or the major portion thereof, shall lie, notice of which public auction shall first have been duly given by advertisement, which shall set forth the nature, time, and place of the transaction to be had, with a full description of the lands to be offered, and be published once each week for not less than ten successive weeks in a newspaper of general circulation published regularly at the state capital, and in that newspaper of like circulation which shall then be regularly published nearest to the location of such lands so offered . . . . "

· Sections 11–407 and 11–408, Arizona Code 1939, read as follows:

"11–407. *Ordering sale.*—Upon receipt of the appraisers' report, if in his judgment the interests of the state will not be prejudiced by sale of the land, or where the application for purchase was made by the lessee of agricultural land entitled to compensation for improvements on the land appraised, within sixty (60) days after the time for taking an appeal has expired and no appeal is taken, or if an appeal is taken and the decision is against the appellant, within sixty (60) days after the decision is received, the commissioner shall make an order, authorizing the sale of the lands applied for to the highest and best bidder therefor, at a public auction, to be held at the county seat of the county wherein the lands, or the major portion thereof lie, and shall give notice of such sale by advertisement.

"11–408. *Advertisement for sale.*—Notice of sales shall be by advertisement, stating the time, place and terms of the sale, and a full description of the land, and shall be published once, each week, for not less than ten (10) successive weeks, in a newspaper of general circulation published regularly at the state capital, and in a newspaper of like circulation, regu-

larly published nearest to the location of the lands to be sold. If said notice is for the sale of lands and improvements, then the advertisement shall also state the appraised value of the improvements, the name of the owner thereof and the terms upon which compensation therefor shall be made.''

It is admitted that the land commissioner failed to comply literally with the foregoing provisions of the Enabling Act, the Constitution, and the statute in that he did not publish the notice of sale in a newspaper at Tempe, Arizona, the town nearest the location of this particular parcel of land and having a newspaper of general circulation.

It appears, however, that notice No. 218 was published in the newspaper nearest the major portion of the land sold, the ''Gilbert Enterprise,'' as only 170 acres of other lands, together with the 4.82 acres here involved, were located nearest Tempe. It will be observed that section 28 of the Enabling Act, which is controlling in the matter, provides that ''Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction to be held at the county seat of the county wherein the lands to be affected, or *the major portion thereof,* shall lie, notice of which public auction shall first have been duly given by advertisement, . . . published . . . in the newspaper of the circulation which shall then be regularly published nearest to the location of such lands so offered.'' The expression in the last line of this language, ''the location of such lands so offered'' refers to the land to be affected, or *the major portion thereof,* hence the notice of sale may be published in the newspaper nearest the major portion of the land to be sold. The Constitution is to the same effect. While notice No. 218 was not published in the newspaper published nearest to the 4.82 acres, or in Tempe, it was published in the ''Gilbert Enterprise,'' a newspaper of general

circulation which is published nearest the major portion of the lands to be sold, and we think this is a substantial compliance, if not a literal one, with the Enabling Act, section 3 of article X of the Constitution, and sections 11–407 and 11–408 Arizona Code 1939.

According to section 28 of the Enabling Act, "Every sale . . . not made in substantial conformity with the provisions of this act shall be null and void, any provisions of the constitution or laws of the said state to the contrary notwithstanding" it is implied that every sale made in substantial conformity with the provisions of the act is valid, even if the Constitution and laws of the state are to the contrary.

In addition, the fact that the land commissioner in failing to publish the notice of sale in the newspaper nearest the land involved, but published it in one nearest the major portion of the land to be sold, is, appellant's brief admits, in accordance with a custom long in practice in the land department, and shows the interpretation the department has placed upon these provisions for many years and we think is entitled to weight in construing them.

The patent conveying the 4.82 acres involved to George Albert Boyd is valid and vests title in him and his wife.

The judgment is affirmed.

ROSS and STANFORD, JJ., concur.