PONDER, Justice.
 

 Parks Brinkley Pedrick, individually and as testamentary executor of the succession of Norman Owens Pedrick, sought by rule against James J. Nolan, Jr., Collector of Inheritance Taxes for the Parish of Orleans, to have the balance due under a refund annuity contract adjudged free of inheritance taxes and to have the amount of $163.36 deposited in the registry of the court returned to him. Upon trial of the rule, the lower court rendered judgment decreeing the proceeds of the refund annuity contract to be a gift to the beneficiary in contemplation of death and fixed the inheritance tax at $163.36. The rule was dismissed. From this judgment, the plaintiff in rule has appealed.
 

 Norman Owens Pedrick died on December 10, 1942, leaving as his only heir his son, Parks Brinkley Pedrick. Among the effects of the decedent’s succession is a refund annuity contract, bearing date July 20, 1940, issued by the New York Life Insurance Company in settlement of a retirement annuity policy for which the decedent had paid $15,000 in three annual payments of $5,000 each.
 

 Under the annuity contract, the insurance company agreed to make certain payments to the decedent during his lifetime. It was provided in the contract that in event the principal of the deposit was not consumed in its entirety by payments to the annuitant, the balance was to be paid to the beneficiary. The annuitant, under the contract, had the right to cancel the agreement at any time before he had received payments thereunder. This he did not do. The contract was in effect during the lifetime of the annuitant, and various payments were made to him. At the time of his death, the commuted value of the refund annuity contract amounted to $8,-168.18. Under the terms of the contract, the annuitant had the right to name his beneficiary. He named his son, Parks Brinkley Pedrick, as such. The balance due under the contract, after deducting
 
 *643
 
 prior payments made to the decedent, became payable to the beneficiary, plaintiff in rule.
 

 The question confronting us is whether or not the proceeds of the refund annuity contract paid to the plaintiff in rule are subject to State inheritance tax.
 

 The appellant contends that the right of the beneficiary named in the contract to these proceeds, at the death of the annuitant, arises out of contract through the medium of a stipulation pour autri, and that the beneficiary named in the contract is not required under the laws of this State to pay an inheritance tax on a fund of this nature. He also suggests that Act 221 of 1944 specifically exempts this fund from inheritance taxes, and although the act has no retroactive effect, it cannot be disregarded in placing a proper'construction upon the inheritance law of the State under the facts in .this case. In support of his contention he relies on a written opinion of an assistant attorney general dated June 24, 1941, which is reported at p. 4145 of the Reports and Opinions of the Attorney General of Louisiana for the period from April 1, 1940, to April 1, 1942.
 

 The appellee takes the position that the transfer of the proceeds of the contract to the beneficiary constitute a gift in contemplation of death and are therefore taxable under sec. 1 and sec. 18 of Act 127 of the Extra Session of 1921, the inheritance tax law of Louisiana. He contends that the holding in the Succession of Rabouin, 201 La. 227, 9 So.2d 529, 142 A.L.R. 605, is decisive of the issues presented in this case. He also relies on the case of Central Hanover Bank & Trust Co. v. Martin, State Tax Com’r, 129 N.J.Eq. 186, 18 A.2d 45; Id., 319 U.S. 94, 63 S.Ct. 945, 87 L.Ed. 1282.
 

 The aforementioned report of the assistant attorney general was written sometime before this Court handed down the opinion in the Rabouin case.
 

 The question involved in the Rabouin ’ case was whether the unpaid balance of the consideration of two annuity contracts, of the same nature as the one involved herein should, at the time of the death of the annuitant, be paid to the named beneficiary without' regard for the law of forced heirship, or should such fund be-considered as belonging to the estate of the annuitant for the purpose of computing the disposable portion of his estate.
 

 It is stated in our opinion in that case that the trial court decided that the unpaid balance of the consideration for the annuity belonged to the estate of the annuitant. We affirmed the judgment of the lower court The purport of the decision was to the effect that the contracts were set aside insofar as they encroached upon the legitime of forced heirs.
 

 The appellant attempts to differentiate the Rabouin case. He calls our attention to the fact that the beneficiary in the present case is the. only forced heir of the deceased annuitant, and there is no occasion for determining the disposable portion of the deceased’s estate. He is under the impression that the Rabouin case is authori- .
 
 *645
 
 ty in that the refund of a contract of this nature may be considered as forming part of the estate only for the purpose of determining the disposable portion.
 

 From our appreciation'of the holding m the Rabouin case, it was specifically held that the funds formed a part of the estate -of the annuitant. This conclusion would necessarily have to have been reached before the question of the disposable portion could have arisen. The funds could not have been considered a part of the estate for a limited purpose. They either belonged to the estate or they did not. If they formed a part of the estate, they became the funds of the estate for all intents and purposes.
 

 In the present case, the funds, under the authority of the Rabouin case, form a part of the estate of the decedent and are therefore subject to the inheritance tax. We pointed out in the Rabouin case the difference between an insurance contract and an annuity contract. We cited authorities from other jurisdictions holding that an annuity was subject to an estate tax and not exempt as insurance.
 

 A contract of the nature involved in this suit is an investment pure and simple. The fact that it is termed an annuity contract does not in any way- change the character of the contract.
 

 From our examination of the holdings of other jurisdictions, we find that the prevailing opinion is to the effect that the refund of a contract of this nature is considered a portion of the estate and subject to inheritance and estate tax. Equitable Life Assur. Soc. of U. S. v. Hobbs, Com’r of Ins., 154 Kan. 1, 114 P.2d 871, 135 A.L.R. 1234; Carroll v. Equitable Life Assur. Soc. of U. S., D.C., 9 F.Supp. 223; Equitable Life Assur. Soc. of U. S. v. Johnson, 53 Cal.App.2d 49, 127 P.2d 95; Wolfe v. Breman, 69 Ga.App. 813, 26 S.E.2d 633; State ex rel. Aetna Life Ins. Co. v. Lucas, 348 Mo. 286, 153 S.W.2d 10; Central Hanover Bank
 
 &
 
 Trust Co. v. Martin, State Tax Com’r, supra; Gregg v. Commissioner of Corporations and Taxation, 315 Mass. 704, 54 N.E.2d 169, 150 A.L.R. 1280; Hagy v. Kelly, State Tax Com’r (In re Hagy’s Estate), 135 N.J.Eq. 436, 39 A.2d 386.
 

 In the case of Wolfe v. Bremen, supra [69 Ga.App. 813, 26 S.E.2d 637], we find the following pertinent observation:
 

 “ * * * For many years there has been ail ever-growing tendency of life insurance companies to encroach upon the field of investment by loading their policies with an increasing variety of purely investment features. This fact, however, does not affect the character of a contract made by an insurance company as to whether it is insurance vel non, nor does it broaden the definition to include as insurance that which is not in fact properly so classified. * * * ”
 

 The opinion of Hagy v. Kelly, supra, traces the history and origin of annuities, and it is stated therein that a multiformity of such contracts have evolved, including the refund annuity. The following ap
 
 *647
 
 posite statement was made therein [135 N.J.Eq. 436, 39 A.2d 388]:
 

 “In 1935 the purchase of annuity contracts was advocated with the representation that, like life insurance, the proceeds would probably be exempted from inheritance taxation. That supposition was found to be erroneous. Central Hanover Bank & Trust Co. v. Martin, supra; Bank of New York v. Kelly, supra. In the federal jurisdiction: Helvering v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 85 L.Ed. 996; Keller v. Commissioner, 312 U.S. 543, 61 S.Ct. 651, 85 L.Ed. 1032. From the viewpoint of risk, the difference between a life insurance policy and an annuity contract is diametric.”
 

 Without going into the distinguishing features between annuity contracts and insurance contracts, it is sufficient to say that all the decisions which we have had occasion to examine are to the effect that the refund of a contract of this nature not only forms a part of the estate but is subject to inheritance and estate taxes. See cases herein above cited. No case holding to the contrary has been cited to us, and from the limited time we have had to investigate the authorities, we have found none.
 

 Counsel is under the impression that we should take cognizance of Act 221 of 1944 in determining the issues involved herein. Counsel concedes that the act cannot be given retroactive effect.
 

 Such being the case, we could not be warranted in giving any effect to the act insofar as this case is concerned. Moreover, we are not prepared to say that the legislature intended, in Act 221 of 1944, to grant the proceeds of an annuity contract, irrespective of its character, the same legal status now accorded the proceeds of policies of life insurance simply because the contract might be styled an annuity contract.
 

 We have therefore concluded that the refund involved herein is a part of the decedent’s estate and therefore subject to the inheritance tax. To hold otherwise would make it possible to convert an entire estate into contracts of this nature and thereby circumvent and defeat taxes due the State and the rights of forced heirs.
 

 For the reasons assigned, the judgment óf the lower court is affirmed at appellant’s cost.
 

 HIGGINS and HAMITER, JJ., concur in the decree.
 

 HAWTHORNE, J., does not take part.