## Janney, Appellant, *v.* Philadelphia Transportation Company.

Argued November 15, 1956. Before STERN, C. J., JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Leonard B. Gordon,* with him *Samuel Gordon,* for appellant.

*Hamilton C. Connor, Jr.,* with him *Charles. I. Thompson, Jr.,* and *Ballard, Spahr, Andrews & Ingersoll,* for appellees.

*John B. Prizer,* with him *Philip Price, Francis H. Scheetz, Elder W. Marshall, W. P. Hackney, J. Tomlinson Fort,* and *Reed, Smith, Shaw & McClay,* for amici curiae.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, December 29, 1956:

The sole question presented in this action for a declaratory judgment is whether the right granted by statute to classify corporate directors and stagger their terms violates the right conferred by the Constitution upon the stockholders to cumulate their votes in all elections for directors. Are these two rights so incompatible as to make their co-existence legally impossible?

Plaintiff, Joseph N. Janney, is a stockholder and also a member of the Board of Directors of the defendant, Philadelphia Transportation Company, being the record owner of 9500 shares of its common stock of a total of 1,720,184 shares which are presently owned by approximately 27,000 shareholders. The Board consists of 21 members, of whom five are appointed by the City of Philadelphia under an agreement of July 1, 1907, entered into between the City and the predecessor of the Company by virtue of authority granted by the Act of April 15, 1907, P. L. 80.

Article II, Section 2, of the By-laws of the Company provides as follows: "The stockholders, at their annual meeting in 1951, and at each annual meeting thereafter, shall elect directors to fill the vacancies caused by the expiration of the terms then expiring, and the directors so elected shall each serve for two years or until their successors are elected and qualified, so that four directors will be elected to fill such vacancies at the

annual meetings in 1951 and 1952, and eight at each meeting thereafter."

It is plaintiff's contention that this By-law and Section 1 of the Act of June 17, 1887, P. L. 411, by which it was authorized, are invalid because in conflict with Article XVI, Section 4, of the Constitution of the Commonwealth, and that all the 16 elective directors of the Company must be elected at each election. The court below, in a comprehensive opinion by President Judge OLIVER, held to the contrary, and entered a decree declaring that the section of the Act and By-law in question are not in conflict with, nor in violation of, Article XVI, Section 4, of the Constitution. Plaintiff appeals from that decree. The City of Philadelphia was permitted to intervene in the proceedings as an additional defendant in order to protect its right to be represented on the Board of Directors of the Company under the 1907 Agreement. Briefs have been filed in this court by the Pennsylvania Railroad Company, the Curtis Publishing Company, the Latrobe Steel Company, and the American Window Glass Company, as amici curiae.

Article XVI, Section 4, of the Constitution provides that "In all elections for directors or managers of a corporation each member or shareholder may cast the whole number of his votes for one candidate, or distribute them upon two or more candidates, as he may prefer." This right is commonly known as that of "cumulative voting."

The Act of June 17, 1887, P. L. 411, Section 1,[1] provides "That whenever the stockholders of any corpora-

---

[1] This Act was repealed insofar as it relates to business corporations by Article XII, §1202, of the Act of May 5, 1933, P. L. 364, which, however, contains an identical provision. The defendant Company is not subject to the Business Corporation Law (see

tion incorporated under the Act of April twenty-ninth, one thousand eight hundred and seventy-four, or any other law of this Commonwealth, shall, at a meeting called for the purpose, decide, by a majority vote of those present either in person or by proxy, to elect a portion of their directors for a term or terms longer than one year, it may and shall be lawful for such corporation, at the next ensuing election, to divide the directors or managers, which are to be chosen, into two, three or four classes, and to elect the first class to serve for the term of one year, and the second, third or fourth to serve for two, three or four years, respectively, and at all ensuing elections of said corporations, the stockholders shall only elect the number of directors necessary to take the place of those whose term of office shall then expire, and such directors shall be elected for the longest term for which any class may have been elected as hereinbefore provided."

It is plaintiff's position that, since this right of classifying the directors ordinarily impairs the use of the Constitutional right of cumulative voting to full advantage, it is inconsistent with, and in violation of, that privilege. At the outset there are certain important facts, however, which, though in no sense conclusive, must be borne in mind in passing upon plaintiff's contention because they would obviously render a decision in support of it quite revolutionary in its effects. Those facts are as follows:

(1) The Legislature has, through the years, in a great number of instances, markedly shown its understanding of the question to be contrary to that of plaintiff. The Act of 1887, which was a Supplement to the General Corporation Act of 1874, is far from unique.

section 4), being under the supervision of the Public Utility Commission.

Not only had the Legislature incorporated a large number of corporations by special Acts prior to the adoption of the Constitution containing provisions for classification and staggered terms of directors, but it has since then, and at various times, enacted a whole series of general statutes granting like authorization,—with respect, for example, to corporations of the first class by §1 of the Act of May 23, 1887, P. L. 165; with respect to railroad or other transportation companies by §1 of the Act of February 9, 1901, P. L. 6; with respect to insurance companies by §308 of the Act of May 17, 1921, P. L. 682, as amended; with respect to cooperative agricultural associations having capital stock by §13 of the Act of April 30, 1929, P. L. 885; with respect to cooperative non-profit agricultural associations by §14 of the Act of May 1, 1929, P. L. 1201, as amended; with respect to business corporations by §403 of the Act of May 5, 1933, P. L. 364, as amended; with respect to building and loan associations by §403 of the Act of May 5, 1933, P. L. 457; with respect to banking corporations by §503 of the Act of May 15, 1933, P. L. 624; with respect to cooperative agricultural credit associations by §9 of the Act of May 25, 1933, P. L. 1027; with respect to fraternal benefit societies by §3 of the Act of June 4, 1937, P. L. 1643. If plaintiff's contention, therefore, is correct, all the sections of the Acts thus cited are likewise unconstitutional.

(2) In pursuance of the authority granted by these various statutes such an overwhelming number of Pennsylvania corporations, both profit and non-profit, now operate under the stagger system, including some of the largest and most important in the business and public utility fields as well as many educational, philanthropic and cultural societies and associations, that that practice has become an ordinary and

commonplace one deeply rooted in the Commonwealth. Not only, therefore, would an adverse decision destroy this long-continued usage, but questions might then conceivably arise as to whether directors had been legally chosen and even whether acts performed by them were valid.

(3) The cumulative voting strength of a minority is diluted in certain cases not only by staggering the terms of the directors but also by many other rules, methods, systems, and usages of corporate organization, as, for example, having a small board instead of a large number of directors, having longer terms for directors than merely one year, having vacancies on the board filled by election by the board itself as permitted by many statutes (e.g., section 402(3) of the Business Corporation Law of May 5, 1933, P. L. 364), issuing non-voting stock or stock with limited voting rights, granting voting rights to bondholders or holders of preferred stock under certain conditions, granting unconditional voting privileges to preferred stock not previously enjoyed by it (as was held legal in *Metzger v. George Washington Memorial Park, Inc.,* 380 Pa. 350, 110 A. 2d 425); no doubt other examples might be given, including indeed the very Act of 1907 which permits the appointment of City representatives on the defendant Company's Board of Directors with the result that the stockholders can vote for only 16 of the Company's 21 directors. If staggering the terms of corporate directors is unconstitutional because of its interference to some extent with the most efficient use of the right of cumulative voting, the constitutionality of all these practices would presumably be likewise jeopardized for the same reason.

(4) Until the present action no serious attack has been made during the nearly three-quarters of a cen-

tury that has elapsed since the passage of the Act of 1887 upon the validity of that or any of the other Acts above referred to with respect to the question here involved.

We are now brought, wholly apart from the facts thus recited, to a consideration of the intrinsic merit of plaintiff's contention that any staggered system for the election of corporate directors is a violation of the cumulative voting provision of the Constitution.

It is true, of course, that classification may reduce the voting power of minorities by making it more difficult for them in some cases to secure representation proportional to their holdings; thus a comparatively small minority of the voting stock might be able to elect a director if a large number of directors were to be elected whereas a much greater interest might be required to elect a director where only a segment of the board was to be elected.  While it might well be argued that this does not involve any serious injustice or undesirable result in that only a *substantial* minority should perhaps be entitled to representation, it must be remembered that courts have nothing to do with economic and social considerations of the advantages or disadvantages of the stagger system,—a subject as to which there is considerable variety of opinion among those competent to discuss it and one that is exclusively for the legislature.  As far as the Constitutional provision is concerned, it is absolutely clear and unambiguous in what it provides and what it does not provide.  It grants the right of cumulative voting but it does not purport to insure the maximum effectiveness of the exercise of that right to obtain minority representation on the board of directors.[2]  What it was ob-

---

[2] In *Humphrys v. The Winous Company*, 165 Ohio St. 45, 133 N.E. 2d 780, it was held that, where a statute provided that the

viously intended to accomplish was to give to a minority interest an opportunity to acquire such representation, the degree of success in that effort and the extent to which it might secure representation proportional to its voting strength being necessarily dependent in each case upon such variables as the number of directors, the length of their terms, and the proportion of the entire stock that the minority interest would be able to marshal for the purpose. All that the Constitution provides is that each stockholder should have the right to concentrate his votes on one or more candidates to be chosen in any given election; that right is undisputed, but as to how many candidates there shall be at the election, whether they must consist of all the directors of the corporation, whether they cannot be classified and their elections staggered,—as to these and many other factors which necessarily enter into each situation the Constitution is wholly silent; to write into it any such limiting or qualifying provisions as contended for by plaintiff would be an extreme exercise of judicial legislation.

Plaintiff's argument seems to rest largely on the idea that the staggering of the terms of the directors is nothing more than a device for evading the constitutional privilege of cumulative voting. That this viewpoint is not justified appears clearly from the fact that the classification of directors was a practice which prevailed long before the adoption of the Constitution of

right of a shareholder to vote cumulatively for the election of directors should not be restricted or qualified by the corporate by-laws, nevertheless an amendment to such by-laws, passed under the authority of another statute permitting classification of the terms of the directors, was valid which so provided, the court holding that the statute merely conferred upon a minority shareholder the right to vote cumulatively and did not insure minority representation on the board of directors by the exercise of that right.

1874. It has an obviously legitimate and important purpose, namely, to preserve in the corporation stability and continuity of experienced management,—a purpose which is not confined to corporate organization but has long been pursued even in governmental bodies, notably in the Senate of the United States.

Plaintiff relies in great measure upon the decision of the Supreme Court of Illinois in *Wolfson v. Avery,* 6 Ill. 2d 78, 126 N.E. 2d 701, where it was held that a section of an Illinois statute purporting to authorize the classification of corporate directors and the election of only one class annually was repugnant to a section of the State Constitution granting the right to stockholders to cumulate their votes. The decision in that case, however, turned upon the fact that the Constitution provided that each stockholder should have the right "to cumulate said shares, and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them on the same principle among as many candidates as he shall think fit." The court pointed out that the stockholder was thus to have as many votes as the number of *directors,* not the number of *candidates,* multiplied by the number of his shares, and interpreted this to mean the total number of directors of the corporation and not a smaller number resulting from classification. Whether the view thus taken be right or wrong, it distinguishes the case from the present one because the language in our own Constitution is different in that it makes no such reference to "directors" as determining the number of cumulative votes to which each stockholder is entitled.

It is of interest to note that there are eleven States in addition to Pennsylvania which have cumulative voting provisions, either by constitution or statute, and

at the same time permit the classification of the directors. Likewise the Model Business Corporation Act, 9 U.L.A. 52, prepared by the Commissioners on Uniform State Laws and recommended for adoption by the several States, provides both for cumulative voting and for permissive classification of directors and their election for staggered terms.

The decree is affirmed at the cost of appellant.