313 P.2d 379

Robert C. BOHANNAN, Jr., George B. Sharp, and Joseph C. Shorrock, Appellants,

v.

The CORPORATION COMMISSION of Arizona, and William T. Brooks, John H. Barry and Mit Simms, as Members of the Corporation Commission of Arizona, and Belle J. Lund, Director of Incorporating of the Corporation Commission of Arizona, Appellees.

No. 6343.

Supreme Court of Arizona.

July 2, 1957.

Lewis, Roca, Scoville & Beachamp, Orme Lewis, John P. Frank, and Joseph E. McGarry, Phoenix, for appellants.

Robert Morrison, Atty. Gen., and A. Michael Bernstein, Asst. Atty. Gen., for appellees.

STRUCKMEYER, Justice.

Appellants petitioned the court below for a writ of mandamus to compel the filing of the articles of incorporation of a proposed domestic company. Judgment was entered that no writ issue and this appeal followed.

On the 24th of January, 1956, appellants attempted to form a corporation to be known as the Associated Mortgage and Investment Company by filing their proposed articles of incorporation with the Arizona Corporation Commission. The Commission rejected the articles, giving as its reason that Part 4 thereof provided for a system of staggered directors in violation of the Constitution, Article 14, Section 10, and statute Section 10–271, A.R.S. Part 4 established a nine-member board of directors to be elected on a staggered basis in this manner: At the first meeting all nine to be elected, three to serve one year, three to serve two years, and three to serve three years; there-

after, at each annual election, three directors to be elected for terms of three years each. The Commission's rejection of the proposed articles was based on the opinion of the Attorney General issued December 19, 1955. He emphasized the then very recent case of Wolfson v. Avery, 6 Ill.2d 78, 126 N.E.2d 701, as authority against the practice of staggering directors by term under a constitutional provision similar to that of Arizona. The learned trial judge leaned heavily on the same case for the proper construction of the Arizona Constitution.

█ As a preliminary, it is to be observed that there is nothing contrary to the public policy of this state in the practice of classification of directors by term. It has as its aim corporate stability and continuity of experienced management. As one of the common methods of classification of directors, it seemingly has not been questioned in Arizona prior to the Attorney General's opinion. Cumulative voting for directors, on the other hand, as a somewhat more recent development in corporate practice is in derogation of the common law and not to be permitted unless specifically authorized by constitutional, statutory or charter provisions. State ex rel. Swanson v. Perham, 30 Wash.2d 368, 191 P.2d 689.

██ Article 14, Section 10, of the Arizona Constitution provides:

"In all elections for directors or managers of any corporation, each shareholder shall have the right to cast as many votes in the aggregate as he shall be entitled to vote in same company under its charter multiplied by the number of directors or managers *to be elected* at such election; and each shareholder may cast the whole number of votes, either in person or by proxy, for one candidate, or distribute such votes among two or more such candidates; and such directors or managers shall not be elected otherwise." (Italics ours.)

Section 10–271, A.R.S. 1956, is merely a restatement of this article. It was adopted in the first year of statehood, and because it offers no assistance in the solution of the problem presented, will not be further considered. Since the provisions of the Constitution are mandatory unless expressly therein declared to be otherwise, Constitution, Article 2, Section 32, State ex rel. Morrison v. Nabours, 79 Ariz. 240, 286 P.2d 752, any scheme, plan or device which completely denies the effectiveness of cumulative voting must necessarily fall. The Commission points out that at least one method of staggering directors by terms plainly denies to the stockholders this right; namely, where a corporation has three directors elected one each year for a three-year term. Unquestionably such a plan is illegal and void as coming within the implied prohibition of the Constitution in that it absolutely denies the mandatory right guaranteed to

cumulate votes; but merely because it is possible to circumvent the Constitution by one method of staggering directors does not mean that all schemes or plans to that end are within the implied prohibition.

■ It is urged by appellees that the general effect of staggering directors by term is to reduce the number of directors which can be elected by minority stockholders, dependent upon such varying factors as the number of directors to be elected, the proportion of stock that the minority controls, and the total number of shares. It is true that illustrations can be pointed to which in any system of classification of directors by term this result will follow, dependent upon a reduction in the number of shares controlled by the minority. If this argument has any validity, it must be predicated on the proposition that the Constitution demands that minority stockholders be represented on corporate boards in proportion to or at least somewhat in the ratio to the number of shares owned or controlled by such minority. In our examination into this basic predicate, we take it as axiomatic that this court does not have the right to insert in the Constitution that which is not expressed or cannot be fairly implied, Prigg v. Commonwealth of Pennsylvania, 16 Pet. 539, 41 U.S. 539, 10 L.Ed. 1060, so that if we are unable to find that the Constitution either by direct expression or fair implication requires proportionate representation,

we will be compelled to render a construction which is consistent with the normal and ordinary meaning of the words. Such a construction merely guarantees that a means be provided whereby it is possible for some minority entitled to participate in the elections to secure representation on the board and would not guarantee to a minority stockholder or any particular percentage less than forty-nine per cent a director of his or their choosing.

In Wolfson v. Avery, supra, the Illinois court found that the phrase in the constitution "to be elected", S.H.A.Ill.Const. art. 11, § 3, expressed a recognition that the number of directors varied as between corporations and did not contemplate the possibility that less than the whole number of directors might be elected at any particular annual meeting. This was without extrinsic aids to assist in the formulation of constitutional intent, although later in the same opinion such aids were used to fortify the court's prior conclusion. In the dissenting opinion it was pointed out that there was no express prohibition in the Constitution against classification and the staggering of directors when the words of the Constitution are taken in their ordinary signification. We have examined both arguments advanced, which we do not repeat here, and can say that each has some element of logical plausibility. We are more inclined to agree with the dissenting justice, but do not expressly

base our conclusions on this alone. Rather to the extent that Article 14, Section 10, is susceptible of two possible interpretations in that reasonable men may differ as to the import of its language, we find it to be ambiguous.

■ We will, therefore, look beyond the article for assistance in determining its meaning. State v. Boyd, 60 Ariz. 388, 138 P.2d 284; Whitman v. Moore, 59 Ariz. 211, 125 P.2d 445; Stockton v. McFarland, 56 Ariz. 138, 106 P.2d 328, and in so doing examine into, ascertain and give effect to the intent and purpose of the framers of the Constitution. State ex rel. Jones v. Lockhard, 76 Ariz. 390, 265 P.2d 447; City of Phoenix v. Yates, 69 Ariz. 68, 208 P.2d 1147; Garvey v. Trew, 64 Ariz. 342, 170 P.2d 845; certiorari denied 329 U.S. 784, 67 S.Ct. 297, 91 L.Ed. 673. In this we are unable to conclude, as did the Illinois court, that it was the intention of the framers of the Constitution to require that minority shareholders be represented on corporate boards in proportion to the per cent of shares controlled by them.

■ We have been referred to the statement by Mr. E. E. Ellinwood, an illustrious attorney and member of the Bar of this state and a member of the constitutional convention. There at a meeting of the committee of the whole, he in part stated:

"Mr. Chairman, this provision in one form or the other is in effect in California, Illinois, Idaho, Missouri, Montana, South Dakota, Pennsylvania, North Dakota, West Virginia, and it seems to me it is very essential. It gives the minority stockholder a look-in. While he cannot control the corporation he can have a member on the board so he knows what is going on, and I think if this system is adopted the minority stockholders will be protected."

Plainly there is manifested an intention to protect minority stockholders, but nothing stated imports an intention to give proportional representation to them. Rather the purpose is to make it possible to have "a member on the board so that he knows what is going on." From this the least that can be said is that it contains no comfort for the argument in favor of proportional representation.

■ In our conclusion, we give considerable weight to the fact as pointed out that the propriety of staggering directors is here for the first time questioned since statehood, forty-five years ago. Uniform acquiescence of meaning, if it is not manifestly erroneous, will not be disturbed, at least in cases of doubt, for injustices are likely to result after a long period of time during which many rights will necessarily have been acquired. We are convinced also

because a constitution is not the beginning of law but assumes the existence of a system of laws which is to remain in force, that the framers of the Constitution will not be presumed to have intended changes or innovations on the common law. Much of the argument is addressed to the wisdom of staggering directors by terms, and we have been cited to numerous publications and articles espousing either one side or the other of this question. Ordinarily, construction by determination of the wisdom of a particular policy is not to be approved. Whitman v. Moore, supra.

▆▆▆ We are not convinced by the arguments presented that Article 14, Section 10, must be construed to defeat appellants' plan for the government of this corporation. Cf. Janney v. Philadelphia Transportation Company, 387 Pa. 282, 128 A.2d 76. If abuses do arise through the classification of directors by term, they can be corrected by the legislature, since it is clearly within the sphere of action of that body. Humphrys v. Winous Co., 165 Ohio St. 45, 133 N.E.2d 780. The judgment of the court below is reversed with directions to grant the petition for peremptory writ of mandamus.

UDALL, C. J., and WINDES and PHELPS, JJ., concurring.