BOLIN, Judge.
Ownership of $8,660.64, deposited by an insurance company in the registry of the lower court in a concursus proceeding, is the sole issue in this case.
Claimants to the deposited funds are Mary Gray M. Walker and Ralph W. Cornelius, the two children of decedent, Mrs. Byrd Morris Lantz. The lower court decreed Mary Gray Walker to be the owner of the money and Ralph Cornelius has appealed.
The case was tried on the pleadings, the record as made up from the succession proceedings and a rather lengthy stipulation of facts, only a few of which we perceive to be pertinent to a decision herein.
The stipulation filed reveals that Byrd Morris Lantz, mother of the contestants, was named beneficiary in a policy of life insurance on John G. Lantz, her husband. On the death of Mr. Lantz, Mrs. Lantz, the payee, made written application to the insurer, Union Central Life Insurance Company, to have the proceeds of the mentioned policy in the amount of $10,021.57 paid to her “without the right of commutation during the lifetime of said payee, in monthly installments of $48.60 each from August *225 IS, 1943, for twenty years certain and for as long thereafter as Payee shall live.” Further provision in the instrument was that “upon receipt of proof of the death of the payee any remaining unpaid certain installments shall he commuted on the basis of 31/2 % interest compounded annually and paid in one sum to Mary Gray M. Walker, daughter of said Payee, if living at the death of said Payee, otherwise to the executors or administrators of said Payee.” This Election of Settlement contained the additional proviso: “The payee shall have no right to make any change or alterations in the provisions of this settlement.”
The trial judge, although awarding the disputed funds to Mrs. Walker, nevertheless did so on the basis of his interpretation of Mrs. Lantz’s will. We are constrained to agree with the ultimate result of that decision but choose to base our decision on grounds not passed upon by the lower court.
Mrs. Lantz died July 14, 1948, at which time Act 221 of 1944 was still in effect. Our appreciation of the act as applied to the present facts leads us to the conclusion the proceeds of the policy (which was converted into an annuity by the election of Mrs. Lantz) should go to the beneficiary named therein and do not fall into the succession of the annuitant.
The act provided:
“Section 1. Be it enacted by the Legislature of Louisiana, That all proceeds, avails and dividends of all policies of health and accident insurance, annuity insurance and endowment insurance, shall in every respect and for all purposes have and enjoy the same legal status as is now accorded to all proceeds, avails and dividends of policies of life (including fraternal and cooperative) insurance under the existing laws of this State.” (Emphasis added.)
We are cognizant of the expressions of the Supreme Court in the Succession of Rabouin, 201 La. 227, 9 So.2d 529, 142 A. L.R. 605 (1942) and understand the case to reiterate the jurisprudential rule that life insurance forms no part' of the insured’s succession; nevertheless the court then determined that the unpaid balance of the consideration for an annuity contract at the time of the death of the annuitant belonged to the estate of the annuitant without regard to the fact that there was a named beneficiary.
Since the Rabouin case was decided in 1942 and the legislature passed Act 221 of 1944 in language so strong as to clearly amount to legislative overruling of the case we believe the provisions of the act prevail. Expressions of the Supreme Court in the Succession of Pedrick, 207 La. 640, 21 So.2d 859, 158 A.L.R. 804 (1945) commenting upon the legislature’s intention in passing Act 221 of 1944 were dicta, the decedent there having died before the effective date of the act.
We have been cited to no cases interpreting the 1944 act which would lead us to a conclusion contrary to that stated above. The 1944 act was repealed and replaced on October 1, 1948, by Act 195 of 1948 which, as amended in 1952 and reenacted without change in 1958, became the present Insurance Code of Louisiana. However, we are not called upon to decide what the law is today under the pertinent sections of that Code.
In light of our decision we pretermit discussion of the numerous other issues raised by appellant and considered in the briefs of both parties.
For reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.