## CARROLL v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.
### No. 9041.

District Court, W. D. Missouri, W. D.
Nov. 30, 1934.

Edward E. Naber and S. M. Carmean, both of Kansas City, Mo., for plaintiff.

W. C. Michaels (of Meservey, Michaels, Blackmar, Newkirk & Eager), of Kansas City, Mo., for defendant.

REEVES, District Judge.

Upon petition and answer both parties have moved for judgment on the pleadings. The allegations of the pleadings must therefore be accepted as true.

The plaintiff is the executrix of the estate of May Massey, deceased. The decedent in her lifetime purchased several annuity contracts from the defendant. She paid an aggregate of $4,900 for said contracts. By the terms of said several annuity contracts, the decedent was to receive specified annual payments from the defendant. Such payments were to continue throughout her life. A single payment was made on one of the annuities and the annuitant died before the others became due. Plaintiff sues for money had and received, but makes the contention that the contracts were in violation of the laws of Missouri, and, being illegal, the executrix is entitled to recover the full amount paid. The alleged illegality of the contracts is predicated upon the theory that the defendant is a mutual insurance company and that it was forbidden to issue insurance contracts save only upon the mutual plan. It is contended that by the mutual plan, the policyholders were entitled to participate in the surplus of the company. The pleadings show that the company earned a large surplus during the period covered by these several annuity contracts. Plaintiff's theory is that the contracts were in fact insurance policies.

1. Section 5690, R. S. Mo. 1929 [Mo. St. Ann. § 5690, p. 4350], specifically sets out the purposes for which insurance companies may be formed in the state of Missouri. These objects are alike applicable to stock companies and mutual companies. The first part of the section provides that they may be formed "for the purpose of making insurance upon the lives of individuals, and every assurance pertaining thereto or connected therewith."

The foregoing expresses the extent to which such companies might issue insurance contracts. However, insurance companies may be formed for the following additional purpose: "and to grant, purchase and dispose of annuities and endowments of every kind and description whatsoever."

The statute does not treat the latter as insurance, but, nevertheless, permits the transaction of that character of business.

2. The pleadings showed that the charter powers of the defendant were broad enough to enable it to write insurance on the lives of individuals and also to grant annuities.

■ 3. An examination of the authorities does not warrant the conclusion that an annuity contract is an insurance contract. It may be defined as "a yearly payment of a certain sum of money granted to another in fee for life or for years, and charging the person of the grantor only." 2 R. C. L., § 1, p. 2. The granting of such contracts is not limited to insurance companies.

The granting of annuity contracts is in the nature of an investment and has very little to do with mortality tables. The only case where a mortality table would be involved is where the annuity is granted for the life of an individual. In such case, the grantor would, of course, take into consideration the "expectancy" of such person under accepted mortality tables.

An annuity comprehends few of the elements of an insurance contract. Life insurance is defined as "a mutual agreement by which one party agrees to pay a given sum upon the happening of a particular event contingent upon the duration of human life, in consideration of the payment of a smaller sum immediately, or in periodical payments by the other party."

It is also defined as "a contract by which insurer for a certain sum of money or premium proportioned to the age, health, and other circumstances of the person, whose life is insured, engages that, upon the death of such person, within the period limited in the policy, insurer shall pay the sum specified in the policy according to the terms thereof." 37 C. J., p. 359, § 1.

Moreover, the elements and requisites of an insurance policy are, among others, "a risk or contingency insured against and the duration thereof." "A promise to pay or indemnify in a fixed or ascertainable amount."

The above elements are not present in an annuity contract.

4. An annuity contract might be granted by an insurance company or any other corporation or individual for a certain period.

In such case, the death of the annuitant would in no way become involved. Even a mortality table would not be consulted. The annuity contract is almost the reverse of an insurance policy. In the insurance contract, the assured pays the premium, in consideration whereof the company agrees to pay a stipulated sum upon his death. In an annuity, the annuitant pays a stipulated sum, and thereafter annual payments are made to the annuitant. In mutual companies, policyholders participate in the surplus because of unassigned funds arising from excess earnings, savings in mortality, and expenses. While these pertain to insurance contracts, yet such savings could not be apportioned to an annuitant for the reason that the company granting the annuity cannot foresee or even contemplate its savings in an annuity contract for life.

■ 5. The defendant was authorized to grant annuity contracts in Missouri. Plaintiff's decedent could have taken a contract for an annuity certain or for life. She was not insured, but purchased an annuity contract. The defendant granted her an annuity contract. Both of them made an investment. The company looked for its profits arising from the early demise of the annuitant. The annuitant looked for her profits in a long life and one that would extend beyond her "expectancy." The contract was beneficial to both parties. The company made the greater profit because of the early death of the annuitant. Upon her death, the contract became fully executed. She had paid in cash for the annuity, the company had paid the installments as they matured, and the contract became fully executed and terminated according to its terms, upon the death of the annuitant.

The judgment upon the pleadings will be in favor of the defendant, as the plaintiff is not entitled to recover.

Such a judgment is hereby ordered, and an exception is reserved to the plaintiff.