9 So.2d 529

**Succession of RABOUIN.**

No. 36581.

Aug. 5, 1942.

Normann & Rouchell and Jas. E. Brown, all of New Orleans, for plaintiff-appellant.

Jerome Meunier, for defendant-appellee Louis Henri Rabouin, Jr.

Gerald B. Brown, of New Orleans, for defendant-appellee Marie Elmina Rabouin Robert.

Joseph Wilfred Rabouin, in pro. per.

O'NIELL, Chief Justice.

The question in this case is whether the unpaid balance of the consideration for an annuity contract, at the time of the death of the annuitant, should be paid to the named beneficiary, without regard for the law of forced heirship, or must be considered as belonging to the estate of the annuitant for the purpose of computing the disposable portion of his estate. There are two such annuity contracts in this case. The judge of the civil district court decided that the unpaid balance of the consideration for the annuities belonged to the estate of the annuitant. The beneficiary named in the contracts is appealing from the decision.

The facts are not disputed. Louis Henri Rabouin died leaving as his heirs four forced heirs, namely, two sons and two daughters, and leaving an estate consisting of stocks, bonds and cash in bank, amounting to $8,885.49. He left also two annuity contracts, one for $10,000 and the other for $5,000; in both of which contracts the annuitant's daughter, Marie Hilda Rabouin, was named as beneficiary. The cash value of the balance due under the two annuity contracts amounted to $8,854.60. If this cash value of the annuity contracts is to be considered a part of the estate of the annuitant the total value of the estate is $17,740.09; otherwise, the estate consists only of the stocks, bonds and cash in bank, amounting to $8,885.49.

The annuitant left a will in which he bequeathed to his daughter, Marie Hilda Rabouin, the disposable portion, being one-third, of his estate, and bequeathed to her and the other daughter and two sons the balance of his estate in equal portions. Miss Marie Hilda Rabouin therefore was bequeathed one-half of the estate, and each one of the three other heirs was bequeathed one-sixth of the estate. Miss Marie Hilda Rabouin claims the $8,854.60 due under the annuity contracts, as the beneficiary named in the contracts, and claims as legatee one-half of the stocks, bonds and cash in bank, amounting to $8,885.49. One of her brothers and her sister claim that the $8,854.60 due under the annuity contracts is a part of the estate and that each of them is entitled to one-sixth of the amount, and consequently that Miss Marie Hilda Rabouin is entitled to only one-half thereof. What is in contest, therefore, between Miss Marie Hilda Rabouin and the coheirs is half of the $8,854.60 due under the annuity contracts.

Miss Marie Hilda Rabouin relies upon the rule which is well established by the decisions of this court that the proceeds or avails of life insurance, if payable to a named beneficiary and not to the estate or to the heirs, executors or administrators of the insured, belong to

the beneficiary named in the policy and should not be considered as a part of the estate of the insured for the purpose of computing the disposable portion of his estate under the law of forced heirship. Succession of Hearing, 26 La.Ann. 326; Succession of Bofenschen, 29 La.Ann. 711; Pilcher v. New York Life Ins. Co., 33 La.Ann. 322; Putnam v. New York Life Ins. Co., 42 La.Ann. 739, 7 So. 602; Stuart v. Sutcliffe, 46 La.Ann. 240, 14 So. 912; Bransford v. Bransford, 46 La.Ann. 1214, 15 So. 678; Tutorship of Crane, 47 La. Ann. 896, 17 So. 431; Lambert v. Penn Mut. Life Ins. Co., 50 La.Ann. 1027, 24 So. 16; Vinson v. Vinson, 105 La. 30, 29 So. 701; Succession of Emonot, 109 La. 359, 33 So. 368; Sherwood v. New York Life Ins. Co., 166 La. 829, 118 So. 35; Nulsen v. Herndon, 176 La. 1097, 147 So. 359. See, also, Kelly v. Kelly, 131 La. 1024, 60 So. 671; Succession of Desforges, 135 La. 49, 64 So. 978, 52 L.R.A.,N.S., 689; Toussant v. National L. & A. Ins. Co., 147 La. 978, 86 So. 415; Douglass v. Equitable Life Assur. Soc., 150 La. 519, 90 So. 834. On the same principle it has been held that a man may take out life insurance in favor of his concubine in defiance of article 1481 of the Civil Code, imposing certain limitations upon donations, either inter vivos or mortis causa, to the donor's concubine. Sizeler v. Sizeler, 170 La. 128, 127 So. 388.

The reason why life insurance, if made payable to a beneficiary other than the estate of the insured or his heirs, executors or administrators, is not considered as a part of the estate of the insured for the purpose of computing the disposable portion of his estate, under the law of forced heirship, is that the proceeds or avails of life insurance do not come into existence during the lifetime of the insured, and do not belong at any time to him, but pass by virtue of the contract directly from the insurer to the beneficiary named in the policy. That is not true of an annuity contract. In such a contract the payment to the beneficiary, if he or she survives the annuitant, is a payment of a fund which belonged to the annuitant during his lifetime.

By the terms of each annuity contract in this case the Equitable Life Assurance Society agreed to pay to the annuitant an annuity in monthly payments of a stipulated sum during the lifetime of the annuitant, with a refund provision set forth in the contract. One of the contracts was issued in consideration of the payment to the Society of $10,000 (called the consideration), for which the monthly payments were $78.50. The other contract was issued in consideration of the payment to the Society of $5,000 (called the consideration), for which the monthly payments were $40.65. The refund agreement was that, if, upon the death of the annuitant, the sum of the monthly payments made by the Society to him should be less than the consideration which he had paid to the Society, the Society would continue to make the monthly payments, by paying them to the named beneficiary, until the total amount of the annuity payments made by the Society would equal the consideration which the annuitant had paid originally. It was stipulated also

in the refund agreement that, if both the annuitant and the beneficiary should die before the sum of the annuity payments made by the Society would equal the consideration paid originally by the annuitant, then, on the death of the one of them who survived the other, any annuity payments remaining unpaid should be commuted on the basis of 3% per annum compound interest and paid in a lump sum to the executors or administrators of such survivor. It was stipulated therefore that if, upon the death of the annuitant, the sum of the annuity payments made by the Society equaled or exceeded the amount of the consideration paid originally by the annuitant for the contract, the contract should terminate with the last payment made previous to the death of the annuitant.

It was stipulated also that, if and after the contract had been in force for two years,—but before the sum of the annuity payments made by the Society equaled the consideration which the annuitant had paid for the contract,—the contract might be surrendered for its cash surrender value, on or within thirty days after any date on which an annuity payment would be due; which surrender value should be the commuted value (discounted on the basis of 3½% per annum compound interest) of the remaining annuity payments necessary to make the total amount of the annuity payments equal the consideration which the annuitant had paid originally for the contract.

■ This court has not had occasion heretofore to decide whether the right of

a beneficiary named in an annuity contract, to claim the balance of the consideration remaining unpaid at the time of the death of the annuitant, is controlled by the law of forced heirship; but, by analogy, it seems that the prevailing opinion in other jurisdictions is that the right of a beneficiary in an annuity contract is subject to the laws of forced heirship.

In Rishel v. Pacific Mutual Life Ins. Co. of California, 10 Cir., 78 F.2d· 881, 883, 131 A.L.R. 414, referring to a statute prohibiting delivery of any policy of insurance until its form was filed with the Commissioner of Insurance, the Circuit Court of Appeals for the Tenth Circuit declared: "It is very doubtful whether annuity contracts are insurance policies within the meaning of this section. Respectable courts have held they were not. Hall v. Metropolitan Life Ins. Co., 146 Or. 32, 28 P.2d 875, where the contention made here was denied; Carroll v. Equitable Life Assur. Soc., D.C., 9 F.Supp. 223; People v. Knapp, 193 App. Div. 413, 184 N.Y.S. 345, affirmed 231 N.Y. 630, 132 N.E. 916; Commonwealth v. Metropolitan Life Ins. Co., 254 Pa. 510, 98 A. 1072. Until the Colorado Supreme Court so rules, we are not prepared to hold that an annuity contract is an insurance policy as used in this statute. In many respects it is the exact converse, and in common parlance the word insurance does not embrace annuities."

In Carroll v. Equitable Life Assurance Society of United States, D.C., 9 F.Supp. 223, 224, it was said: "An examination of the authorities does not warrant the

conclusion that an annuity contract is an insurance contract. * * * An annuity comprehends few of the elements of an insurance contract."

In Helvering v. Le Gierse, 312 U.S. 531, 61 S.Ct. 646, 649, 85 L.Ed. 996, in holding that an annuity was subject to an estate tax, and not exempted as "insurance", it was said: "Historically and commonly insurance involves risk-shifting and risk-distributing. * * * That these elements of risk-shifting and risk-distributing are essential to a life insurance contract is agreed by courts and commentators. * * * We cannot find such an insurance risk in the contracts between decedent and the insurance company."

In Commissioner of Internal Revenue v. Wilder's Estate, 118 F.2d 281, the Circuit Court of Appeals for the Fifth Circuit, in a Louisiana case, held that the annuity contract was not life insurance and hence not exempt from the estate tax.

In 3 C.J.S.Annuities, § 1, p. 1375, it is said:

"An annuity contract comprehends few of the elements of an insurance contract. The former is distinguished from the latter in that insurance, as generally understood, is an agreement to indemnify against loss in case of property damaged or destroyed or to pay a specified sum on the death of insured or on his reaching a certain age, while an annuity is generally understood as an agreement to pay a specified sum to the annuitant annually during life. The consideration for an insurance contract is generally termed a premium and is payable annually, semiannually, monthly, or weekly; the consideration for an annuity contract is not generally regarded as a premium and is usually covered by a single payment. The power to make insurance contracts and to grant annuities is generally regarded, therefore, as distinct."

It is argued for the appellant that the contract of annuity in this case is not such a contract of annuity as that which is described in the Civil Code, article 2793, thus: "The contract of annuity is that by which one party delivers to another a sum of money, and agrees not to reclaim it so long as the receiver pays the rent [interest] agreed upon."

In the next article it is said that the annuity referred to in article 2793 may be perpetual or for life. But there is nothing in these articles forbidding the making of a contract of annuity on terms different from those mentioned in the articles. In the Succession of Cotton, 172 La. 819, 135 So. 368, 370, it was said that the definition of an annuity, in article 2793 of the Civil Code, was "by no means all-inclusive".

The judgment is affirmed.