On Application for Rehearing.
 

 PER CURIAM.
 

 In the opinion which we rendered in this case an interpretation was given' to our holding in the Succession of Rabouin,,
 
 *649
 
 201 La. 227, 9 So.2d 529, 142 A.L.R. 605. The way in which the interpretation was expressed seems to have created some doubt or misunderstanding on the part of some of the attorneys appearing in this case as to how far the court intended to go in the Rabouin Case in holding that the unpaid balance of the consideration paid 'for an annuity contract should be considered as belonging to the estate of the annuitant at the time of his death. The only question that was presented for decision in the Rabouin Case was whether the remaining balance of the consideration which the annuitant had paid for the annuity contract should be paid to the named beneficiary without regard for the law of forced heirship, or should be considered as belonging to the estate of the annuitant for the purpose of computing the disposable portion of his estate in a case where there were forced heirs. Whaf we decided was that the balance due under the annuity contract should be considered as belonging to the estate of the annuitant for the purpose of computing the disposable portion of his estate. That was the only question presented for decision in that case. In the instant case we hold that the balance of the consideration which the annuitant paid for the annuity contract, not repaid to him before his death, forms a part of his estate for the purpose of computing the inheritance tax due to the State of Louisiana. That is the only question that was presented for decision in the instant case.
 

 The application for a rehearing is refused.