141 So.2d 438 (1962)
Succession of Frank L. ROCKVOAN, Sr.
No. 101.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 1962.
Rehearing Denied June 4, 1962.
James J. Morrison, New Orleans (Gloria N. Irvine, New Orleans, on the brief), for plaintiff-appellant.
Monroe & Lemann, Thomas B. Lemann and Anthony J. Vesich, Jr., New Orleans, for defendants-appellees.
Before McBRIDE, SAMUEL and HALL, JJ.
LUTHER E. HALL, Judge pro tem.
The matter before us is a contest between the beneficiary designated in a Retirement System contract and the Administratrix of a decedent employee's estate *439 over the proceeds of a certain death benefit payable by the Retirement System.
The decedent, Frank L. Rockvoan, Sr., died intestate at his domicile in the city of New Orleans on August 12, 1958. His succession was duly opened in the Civil District Court for the Parish of Orleans and his surviving widow in community qualified as administratrix of his estate. On March 11, 1959 the administratrix filed a rule against Todd Shipyards Corporation seeking to have paid over to her as administratrix certain retirement funds and death benefits amounting to $3,010.93 credited to decedent's account by that corporation's Retirement System. Frank L. Rockvoan, Jr., decedent's son by a prior marriage, who had been designated by the decedent as the beneficiary entitled to said funds, became a party defendant to said rule, after an exception of nonjoinder of parties defendant had been filed by Todd Shipyards Corporation. Todd Shipyards Corporation admitted possession of the fund and a willingness to pay same over to whomsoever the court might determine to be entitled thereto. After a trial on the merits the District Court rendered judgment ordering Todd Shipyards Corporation to pay to the administratrix the sum of $768.78 representing the refund of contributions paid by decedent into the Retirement System and ordered the corporation to pay the designated beneficiary, Frank L. Rockvoan, Jr., the sum of $2,242.15 representing the death benefit payable by said retirement system, both payments to be made out of the fund of $3,010.93 held by the corporation. The administratrix prosecutes this appeal from that judgment.
The decedent, Frank L. Rockvoan, Sr., was married twice, first to Elma Jaubert, from whom he was divorced on March 31, 1947 and secondly to Mrs. Hermine Deutsch, the plaintiff herein, whom he married on January 9, 1949. One child, Frank L. Rockvoan, Jr., was born of the first marriage. There were no children of the second marriage.
The decedent was employed by Todd Shipyards Corporation as a machinist from March 10, 1936 to the date of his death. On August 1, 1940 Todd Shipyards Corporation inaugurated a retirement system for the benefit of such of its employees who desired to become members thereof. In conformity with the rules and regulations of the system the decedent made application for membership therein on December 28, 1948 and designated his son, Frank L. Rockvoan, Jr., as the beneficiary of any lump sum death benefit payable by the system.
The Retirement System provided that both the employer and the employee would contribute thereto in certain proportions and provided for payment by the system of a Service Retirement Benefit commencing at age 65, a Disability Retirement Benefit, and a lump sum Death Benefit. In the case of a member's death while in the employer's service and prior to retirement for any cause the Death Benefit payable by the System consisted of two separate amounts as follows:
1) "A lump sum equal to the full amount of his contributions made on account of retirement benefits with compound interest thereon * * *", and
2) "A lump sum equal to sixty per centum of the average annual compensation of the deceased member over the period of his creditable service, or, if the amount would be greater, over the last three years of such service, but such lump sum payment shall not exceed five thousand dollars."
The rules and regulations of the System provided that these two amounts would be payable to the beneficiary designated by the employee in his application for membership.
The decedent died at the age of fifty-nine while still in the employ of Todd Shipyards Corporation and without having been retired *440 for any cause. Under the circumstances Todd Shipyards Corporation computed his lump sum contributions plus interest to amount to $768.78, and the lump sum death benefit to be $2,242.15 making a total of $3,010.93 held on deposit by it, and being the amount sued for by the administratrix.
The trial judge awarded the lump sum contributions ($768.78) to the administratrix and the death benefit ($2,242.15) to the beneficiary, Frank L. Rockvoan, Jr.
The only amount in controversy here is the death benefit.
Counsel for the appellant administratrix argues that the decedent's designation of a beneficiary in his application blank in effect constitutes either a donation mortis causa or a donation inter vivos and that in either case the designation would be void as lacking proper form citing LSA-C.C. Articles 1570, 1571, 1574, 1536, and Winsberg v. Winsberg, 220 La. 398, 56 So.2d 730. He further argues that a death benefit payment under a retirement system is community property and must be included in the decedent's community estate, citing Daigre v. Daigre, 228 La. 682, 83 So. 2d 900, 55 A.L.R.2d 951; Succession of Scott, 231 La. 381, 91 So.2d 574.
We are unable to agree with either of appellant's arguments.
While we do not hold that the Retirement System with which we are dealing constitutes a contract of insurance, it nevertheless has features closely analogous thereto. This is especially true of its death benefit provisions. We are unable to distinguish these provisions from a contract of life insurance in that they constitute an agreement to pay a specified sum on the death of the member, and like life insurance, the proceeds or avails thereof do not come into existence during the lifetime of the member, and consequently do not belong at any time to him nor do they form a part of his estate.
It is well established by the decisions of our Supreme Court that the proceeds or avails of life insurance, if payable to a named beneficiary and not to the estate or to the heirs, executors or administrators of the insured, belong to the beneficiary named in the policy and are not considered as a part of the estate of the insured, the reason being that the proceeds or avails of life insurance do not come into existence during the lifetime of the insured, and do not at any time belong to him but pass by virtue of the contract directly from the insurer to the beneficiary named in the policy. See Succession of Rabouin, 201 La. 227, 9 So.2d 529, 142 A.L.R. 605, and cases there cited.
And since the proceeds of life insurance form no part of decedent's estate the rules of the Civil Code relating to donations inter vivos or mortis causa have no application as respects life insurance policies, nor are the proceeds subject to community rights. Sizeler v. Sizeler, 170 La. 128, 127 So. 388; Ticker v. Metropolitan Life Insurance Co., 11 Orleans App. 55, 59; Pearce v. National Life & Accident Ins. Co., 12 La.App. 608, 125 So. 776; Grayson v. Life Ins. Co. of Virginia, La.App., 144 So. 643; In re Sun Life Assur. Co. of Canada, La.App., 155 So. 399.
The Winsberg case supra cited by appellant obviously has no application here since that case involved War Bonds belonging to and in the possession of decedent during his lifetime. The Daigre case supra and Succession of Scott supra are likewise inapplicable. The former case was a divorce proceeding and dealt with a pension which became payable during the husband's lifetime. The latter case dealt with an accumulation of disability payments made by the government to the deceased during his lifetime.
Since we are unable to distinguish the death benefit features of the Retirement System from life insurance it is our opinion that the law relative to life insurance in *441 the particulars above set forth applies equally to the matter before us.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.