Neva Marie **COX**

v.

**UNITED STATES of America.**

Civ. A. No. 12692.

United States District Court
W. D. Louisiana,
Monroe Division.
May 20, 1968.

Robert Lee Curry III, Theus, Grisham, Davis, Leigh & Brown, Monroe, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Edward V. Boagni, Asst. U. S. Atty., Shreveport, La., for the government.

RULING ON THE MERITS

BEN C. DAWKINS, Jr., Chief Judge.

Presented here is an action for recovery of federal gift taxes which complainant alleges were erroneously and

illegally assessed and collected from her. All facts giving rise to this litigation have been stipulated. Consequently, the case has been submitted for our decision on such stipulation and briefs.

Complainant's husband, James Harper Cox, Sr., died testate on March 14, 1961. During the existence of complainant's marriage to decedent, he had taken out certain life and/or accident insurance policies which were payable either to complainant or to the children of decedent's prior marriage, namely, James H. Cox, Jr., Don Ross Cox, and Elmo J. Cox. Our only concern here is with three of these policies designated in the Stipulation as (d), (e), and (h), payable to the three sons. Proceeds from these policies totalled some $128,651.12.*

On or about April 1, 1956, the Commissioner of Internal Revenue assessed complainant for gift taxes with respect to the calendar year 1961 in the amount of $1,759.18, together with interest in the amount of $418.31, a total of $2,177.49. The Commissioner's basis for determining that complainant owed the gift taxes assessed was that she had made a gift of a one-half interest in the policies referred to above.

Quickly reaching the point, the Commissioner based his deficiency assessment on Treasury Regulations on Gift Tax, § 25.2511–1(h) (9), which state:

"Where property held by a husband and wife as community property is used to purchase insurance upon the husband's life and a third person is revocably designated as beneficiary and under the state law the husband's death is considered to make absolute the transfer by the wife, it is a gift by the wife at the time of the husband's death of half the amount of the proceeds of such insurance."

Pursuant to this Regulation, the Commissioner ruled that complainant had made a gift of one-half the proceeds payable to decedent's three children in the amount of $64,325.56. In computing the alleged taxable gift, the Commissioner allowed complainant a $30,000 lifetime specific exemption (IRC § 2521), (26 U.S.C. § 2521), together with a $3,000 annual exclusion (IRC § 2503(b)), (26 U.S.C. § 2503(b)), per donee, or a total of $39,000 in exemptions and exclusions from the gross amount of the alleged gift, netting a taxable gift of $25,325.56. As mentioned previously, the gift tax owing on this amount would be $1,759.18, and with interest of $418.31, the total assessment was $2,177.49.

In further support of his deficiency assessment, the Commissioner relies heavily on the case of C. I. R. v. Chase Manhattan Bank, 259 F.2d 231 (5 Cir. 1959) and Rev.Rul. 48, 1953–1 Cum.Bull. 392. Considering the Treasury Regulation cited, we find it is merely a restatement of that portion of the Revenue Ruling which is pertinent to our consideration here. *Chase* will be discussed, and quoted from, in more detail below.

Contrariwise, complainant has launched a two-pronged attack on this deficiency assessment.

The first claims that in designating the beneficiaries under the policies of life insurance and accident insurance acquired by her decedent husband, both before and during his marriage to complainant, he divided these policies between the children of his first marriage and complainant; therefore, complainant cannot be held to have made a gift unless the value of the community interest which she surrendered exceeded that which she received. The essence of this contention is that division of the proceeds of these policies between complainant and the children of decedent's first marriage amounts to nothing more than a division of community property. She claims it long has been settled that a division or partition of community property produces no gift tax consequences.

In support of this contention, she relies on three cases from the Ninth Circuit. Two of these, C. I. R. v. Siegel, 250 F.2d 339, and C. I. R. v. Mills, 183 F.2d 32, 19 A.L.R.2d 856, stand for the

---

* Pre-trial Stipulation, pp. 3, 4.

simple proposition that under a community property regime, such as exists in Louisiana and some other States, the wife has a vested one-half interest in the community, and transfers made to her pursuant to that interest are not taxable as gifts because this is nothing more than a recognition of her rights in such property. In the third case, Horst v. C. I. R., 150 F.2d 1, a husband and wife made simultaneous transfers of stock then held as community property, with the understanding that after the transfers the separated stock would not be subject to community property laws. The Commissioner asserted that release of the wife's interest did not constitute a fair consideration in money or money's worth under the Gift Tax Statute and that such transfer to her was taxable as a gift. This contention was upheld by the Tax Court and by the Ninth Circuit. Clearly, these cases are distinguishable from this one in which the Commissioner seeks to tax a transfer from wife to children.

Alternatively, complainant contends that should we find she made a gift, the value of this gift should be established by the so-called "policy rights" or "cash surrender value" and not by the "proceeds value" as asserted by the Commissioner. Bolstering this contention complainant relies on the Louisiana cases of Succession of Rabouin, 201 La. 227, 9 So.2d 529, 142 A.L.R. 605 (1942); Sizeler v. Sizeler, 170 La. 128, 127 So. 388 (1930); and Succession of Rockvoan, 141 So.2d 438 (La.App., 4th Cir. 1962). She asserts that these cases, and others, hold that, under Louisiana law, proceeds of life insurance are not includable in the estate of a decedent and, consequently, the "proceeds value" of the insurance cannot be used to determine valuation for Estate and Gift Tax purposes. We find little or no merit in this contention for the following reasons.

Here complainant is seeking a refund of gift taxes. In each of the three Louisiana cases cited, the question was not one of taxation but one of succession law in Louisiana. Each case dealt with the amounts which were to be used in computing the mass of a decedent's estate for purposes of distributing the disposable portions. This is made manifestly clear from the Louisiana Supreme Court's holding in Succession of Rabouin, 201 La. 227, 9 So.2d 529, 142 A.L.R. 605 as follows:

> "Miss Marie Hilda Rabouin relies upon the rule which is well established by the decisions of this court that the proceeds or avails of life insurance, if payable to a named beneficiary and not to the estate or to the heirs, executors or administrators of the insured, belong to the beneficiary named in the policy *and should not be considered as part of the estate of the insured for the purpose of computing the disposable portion of his estate under the law of forced heirship.*" (Emphasis added) (9 So.2d at 530)

In light of this, we now examine the holding in C. I. R. v. Chase Manhattan Bank, supra. There, the settlor, a resident of Texas, which also is a community property State, created an insurance trust consisting of life insurance policies on his own life. He paid insurance premiums with community funds and reserved the right to modify or revoke the trust, and under the policies had the right to change beneficiaries. Upon his death the insurance proceeds were payable to the Trustee. Income was payable to his wife for life, with the remainder left to his children.

As to this particular trust, the Commissioner held that it became a complete gift by both husband and wife when the husband-settlor dies without having exercised his right of revocation, or change of beneficiaries; therefore there was a gift by the wife to the children of one-half of the amount of the proceeds of insurance. This is precisely the Commissioner's contention here.

In a most thoroughly documented opinion, which traced the history of Texas law as well as that of the particular gift tax statute in question, the Fifth Circuit Court of Appeals, speaking through

Judge Wisdom, a Louisiana Judge, authoritatively versed in community property law, held:

"In a community property state where insurance on the husband's life is purchased with community funds, payable revocably to a third person beneficiary, the husband's right to change the beneficiary and all other control over the property are held as agent of the community. The bundle of rights in the policy is owned by the community. Something happens to this bundle when the insured dies, thereby terminating his control over the property and bringing the community to an end. What happens is, that the community's property interests in the policy-rights are transformed into the beneficiary's right to the proceeds. It is a shift in control and a shift of beneficial interest. This is the transfer that is taxed.

"Up to the time of his death, Daniel [settlor], as managing agent of the community, had the right to change beneficiaries. When he died without exercising this right, the transfer to the trustee was a completed gift from the community: one-half therefore should have fallen in the taxable estate of the deceased husband. The other half is a taxable gift from the surviving spouse.

"Under the terms of the trust agreement Marie [wife] was the income beneficiary for life. Accordingly, the measure of her gift was half the amount of the proceeds less a life estate in that half.

"VII. Transferee Liability

"On appeal counsel for the taxpayer argue that even if Marie made a gift at the time of Daniel's death, the value of such gift could not exceed the value of her half of the cash surrender value of the policies less that value of her retained life interest.

\* \* \* \* \* \*

"Counsel for the taxpayer relies on a line of cases involving transferee liability for income taxes, citing es-pecially two recent Supreme Court decisions: \* \* \*. These cases and similar cases involving transferee liability for income taxes are inapplicable. The Supreme Court considered that transferee liability depended on whether or not a federal lien attached while the insured, the tax debtor, was still alive. If so, the commissioner could collect up to the cash surrender value only. In cases involving income taxes the liability necessarily attaches during the life of the insured, when the only property that the debtor has in insurance (disregarding replacement value or reserve value) is the cash surrender value. That is all he could transfer and all that could be subject to the government's lien. It is quite different from transferee liability for estate or gift taxes. *Here, liability cannot attach until the transfer; and the transfer itself is the subject of the tax liability. Cash surrender has no significance in this case; the transfer is of proceeds.*" (Emphasis added) (259 F.2d at 255, 256)

This decision by the Fifth Circuit is binding upon us and clearly disposes of all of complainant's contentions. In the event that complainant feels that *Chase* turned purely on a proposition of Texas law, we must note that in his exposition and disposition of that case Judge Wisdom also noted the results reached in three other cases, all involving community property, two of which were from Louisiana. (Lang v. C. I. R., 304 U.S. 264, 58 S.Ct. 880, 82 L.Ed. 1331 (1938); DeLappe v. C. I. R., 113 F.2d 48 (5 Cir. 1940); and Howard v. United States, 125 F.2d 986 (5 Cir. 1942)).

The Judge, speaking for the Court, then noted:

"The effect of repeal of the 1942 Act is to bring a return to the rule of the Lang, DeLappe, and Howard cases: incidents of ownership possessed by the husband, such as the power to change beneficiaries, are held as agent of the community; the proceeds, therefore, are includible to the extent of only one-half in the estate of the in-

sured; *the other half would be taxable as a gift by the wife, if the proceeds are payable to a third person. * * *"* (Emphasis added) (259 F. 2d at 254)

Accordingly, we must and do find that *Chase* squarely governs this case and, accordingly, complainant's claim for refund is denied in all respects and the Commissioner's deficiency assessment is upheld.