**In the Matter of Herman Neil
YOUNG, Debtor.**

**Civ. A. No. 86–40.**

United States District Court,
E.D. Louisiana.

July 11, 1986.

Emile L. Turner, Jr., New Orleans, La., for debtor.

Merril T. Landwehr, New Orleans, La., for trustee.

## MEMORANDUM OPINION

MENTZ, District Judge.

This matter comes before this Court on appeal from the Bankruptcy Court of the Eastern District of Louisiana. Oral argument was heard on June 3, 1986 and at that time the Court took the appeal under submission. The Court has now considered the memoranda submitted in this matter and, based on the record and the law, concludes that the Bankruptcy Court's ruling should be AFFIRMED.

## BACKGROUND

Herman Neil Young (Debtor) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 20, 1984. Initially, the Debtor failed to list in his schedules income in the sum of $1,875.00 per month from First Colony Life Insurance Company paid pursuant to an annuity contract dated July 1, 1982. The Trustee of the Debtor's estate, David V. Adler (Trustee), on January 14, 1985, filed a motion against Gerald J. Sullivan and Associates, Inc. (Sullivan) and its subsidiary, the Structured Settlement Company, praying that Sullivan, as owner of the contract, be directed to pay all future annuity payments to the Trustee. Additionally, the Trustee filed a motion to require the Debtor to turn over the sum of $11,250.00 which the Debtor had received pursuant to the annuity contract subsequent to the filing of the petition.

On January 31, 1985, the Debtor amended his Statement of Financial Affairs including the annuity as personal property in Schedule B–2 and claiming such property as exempt in Schedule B–4. The Debtor listed the annuity in his "Summary of Debts and Property" as having a zero value because he claimed to have no interest in the annuity since he is only the beneficiary not the owner of the annuity. Additionally, on January 29, 1985, the Debtor filed an objection to the Trustee's motions which sought to require the Debtor to remit past annuity payments and Sullivan to remit future payments to the Trustee.

On March 15, 1985, the Trustee filed an objection to the annuity payments claimed as exempt by the Debtor in the amendment of his schedules filed on January 31, 1985. The Bankruptcy Court on April 18, 1985 denied the Debtor's claim that the Trustee had not timely objected to his claim of exempt property. Then, on December 6, 1985, the Bankruptcy Court issued an opinion ruling that the monthly payments are seizable as non-exempt property of the Debtor's estate, that Sullivan be directed to remit all future payments to the Trustee, and that the Debtor turn over to the Trustee the sum of eleven thousand two hundred and fifty and no/100 ($11,250.00) dollars which he had received post-petition pursuant to the payments on the debt owed him by the Underwriters. The Debtor appeals from the Bankruptcy Court decision that (1) the Trustee is not time barred from failing to object to the listed and claimed exemptions within the restraints of Bankruptcy Rule 4003, and (2) that the monthly annuity payments from the Single Premium Annuity Contract No. 303,314 in the amount of $1,875.00 to Neil Young are not exempt under the statutes of the State of Louisiana.

## PURPOSE OF BANKRUPTCY ACT

It is the twofold purpose of the Bankruptcy Act (11 U.S.C. § 1 et. seq.) to convert the estate of the bankrupt into cash and distribute it among the creditors and then to give the bankrupt a fresh start with such exemptions and rights as the Act leaves untouched. *Kokoszka v. Belford,* 417 U.S. 642, 645–46, 94 S.Ct. 2431, 2434, 41 L.Ed.2d 374, 379 (1974) (citing *Burlingham v. Crouse,* 228 U.S. 459, 473, 33 S.Ct. 564, 57 L.Ed. 920 (1913)); *See also Goff v. Taylor (In re Goff),* 706 F.2d 574, 578 (5th Cir.1983). This purpose shall guide the Court in analyzing the issues raised by appellant.

## TIME FOR FILING OBJECTIONS

■ Bankruptcy Rule 4003 in pertinent part provides:

(b) Objections to Claim of Exemptions. The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditor held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the Court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney.

The Debtor amended his statement of financial affairs claiming the annuity as personal property and to be exempt in Schedule B-4. The Debtor alleges that pursuant to Rule 4003 the Trustee should have filed his objections to the exemption claimed by Debtor within 30 days of the amendment's filing; however, since the Trustee did not file his objections until some 44 days later, the Trustee is time barred.

Although the Bankruptcy Court did not provide written reasons for its denial of Debtor's motion to dismiss the Trustee's objection, it is apparent that the Court, having found that the Trustee had previously filed a motion to compel the Debtor to turn over the property, determined that such act did not require the Trustee to make an additional filing of an objection after the Debtor had amended his schedules. To require the Trustee to file a formal written objection pursuant to Rule 4003 after he had already filed a motion to compel which prompted the Debtor to amend his statement of financial affairs in the first place would be putting form over substance and under the facts of this case that would not be correct. The filing of the motion to compel Debtor to turn over the property to the Trustee was a sufficient objection to any claim of entitlement to such annuity by the Debtor as exempt property. Therefore, the Trustee's objection is not time barred pursuant to Rule 4003 and the Bankruptcy Court's April 19, 1985 ruling denying Debtor's motion to dismiss the Trustee's objection is AFFIRMED.

## LOUISIANA EXEMPTION OF ANNUITY PAYMENTS

In 1982 the Debtor, who is an attorney, represented the surviving spouse and children of Edwin Joseph Fanguy in a death claim against Offshore Logistics, Inc., Offshore Logistics International, Inc., Air Logistics International, their affiliated companies and underwriters. A structured settlement was entered into by and between all parties at interest, including the Debtor as counsel of record, on July 7, 1982. This document was entitled Release and Settlement Agreement which provided Young twenty-five thousand ($25,000.00) dollars up-front and monthly payments of one thousand, eight hundred seventy-five and no/100 ($1,875.00) dollars for the period of fourteen years with said monthly payments commencing on August 1, 1982 and terminating on July 1, 1996. The monthly payments were to come from an annuity contract, executed by Gerald J. Sullivan & Associates, Inc., for the benefit of Neil Young, and issued by First Colony Life Insurance Company. It is these monthly payments that the Trustee claims are property of the bankruptcy estate.

The commencement of a bankruptcy case creates an estate which includes all property in which the debtor has a legal or equitable interest at the time of bankruptcy. 11 U.S.C. § 541(a); *McManus v. Avco Financial Services of Louisiana, Inc. (In re McManus)*, 681 F.2d 353, 354 (5th Cir.1982); *Allen v. Hale County State Bank (In re Allen)*, 725 F.2d 290, 292 (5th Cir.1984). Once the property becomes a part of the bankruptcy estate, the debtor may exempt certain property. *In re McManus*, 681 F.2d at 354; *In re Allen*, 725 F.2d at 292. As stated in *In re McManus*, Section 522(b) provides the individual states with a choice of allowing their debtors one of two methods of exempting property from the bankruptcy estate. 681 F.2d at 355. *See also In re Goff*, 706 F.2d at 579 (Section 522(b) permits a bankrupt a choice between a "federal" or "state" exemption system). A debtor may be entitled to utilize the federal "laundry list" exemptions specified in Section 522(d), if the state law so authorizes.

However, if the state law applicable to debtors does not specifically authorize the federal "laundry list" use, a debtor may exempt from property of the bankruptcy estate any property that is legally exempt under either (1) federal law other than the previously described laundry list or (2) applicable state or local law. *In re McManus*, 681 F.2d at 355.

The State of Louisiana has not authorized the use of the federal "laundry list", and has expressly stated in LSA–R.S. 13:3881(B)(1) that the only property of debtor to be exempt is that property exempted "under the laws of the State of Louisiana and under federal laws *other than Subsection (d) of Section 522 of said Title 11 of the United States Code*". (emphasis added) La.Rev.Stat.Ann. § 13:3881(B)(1) (West.Supp.1986). Therefore, a Louisiana debtor is only entitled to exempt that property from the bankruptcy estate that is exempted under Louisiana law and federal law *other* than the federal laundry list. *See also McClanahan v. Kimball (In re Kimball)*, 2 B.R. 560 (Bankr.W.D.La.1980) (a Louisiana debtor filing a petition in Bankruptcy Court has no choice of exemptions but is limited to those allowed under state law and federal law other than 11 U.S.C. § 522(d)).

In the present case, the Debtor argues that his payments pursuant to the annuity are exempt under Louisiana law and are not property of the bankruptcy estate. La. Rev.Stat.Ann. § 20:33 (West.Supp.1986)[1]

and § 22:647(B) (West 1978)[2] both provide for payments made pursuant to an annuity contract or policy to be exempt from all liability. In addition, R.S. § 20:33 provides that no contribution shall be exempt if made less than one calendar year from the date of filing for bankruptcy. Since the Debtor filed his petition under Chapter 7 on July 20, 1984, and the annuity contract was issued on July 1, 1982, the contribution to such annuity for its establishment was made more than one calendar year prior to the date of filing for bankruptcy. Therefore, the payments *may* be subject to exemption under § 20:33 and § 22:647(B).

However, before the Court can determine whether the payments are subject to exemption under § 20:33 and/or § 22:647, it has to be determined whether the monthly payments are annuity payments or account receivables. An annuity is a right to receive fixed, periodic payments, either for life or for a term of years whereas an account receivable is a claim against a debtor usually arising from sales or services rendered. *Black's Law Dictionary* 82, 17 (rev. 5th ed. 1979); *See also In re Howerton*, 21 B.R. 621, 623 (Bankr.N.D. Tex.1982) (an annuity contract is essentially a form of investment which pays periodically during the life of the annuitant or during a fixed term by contract rather than on the occurrence of a future contingency); 3A C.J.S. *Annuities* § 1 at 867 (1973); *In re Talbert*, 15 B.R. 536, 537 (Bankr.W.D.

---

**1.** La.Rev.Stat.Ann. § 20:33 provides:
   The following shall be exempt from all liability for any debt except alimony and child support:
      (1) All pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon. No contribution shall be exempt if made less than one calendar year from the date of filing for bankruptcy, whether voluntary or involuntarily, or less than one calendar year from the date

writs of seizure are filed against such account or plan.

**2.** La.Rev.Stat.Ann. § 22:647(B) provides:
   The lawful beneficiary, assignee, or payee, including the annuitant's estate, of an annuity contract, heretofore or hereafter effected, shall be entitled to the proceeds and avails of the contract against the creditors and representatives of the annuitant or the person effecting the contract, or the estate of either, and against the heirs and legatees of either such person, saving the rights of forced heirs, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use.

La.1981); *Succession of Rabouin*, 201 La. 227, 9 So.2d 529, 531–32, 142 A.L.R. 605 (1942). In *Commonwealth v. Beisel*, 338 Pa. 519, 13 A.2d 419, 421, 128 A.L.R. 978 (1940), the court explained the difference between an annuity and an accounts receivable:

> Its determining characteristic is that the annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived. The purchases of an annuity surrenders all right and title in and to the money he pays for it. On the other hand, where a debtor agrees to pay his creditor in installments at regular intervals, the debt or principal sum itself is due to the creditor although payable only in manner agreed upon; it is an account receivable in which he has a property interest. Therefore, installment payments of a debt, or payments of interest on a debt, do not constitute an annuity.

*See also Stowe Township v. Standard Life Insurance Co. of Indiana*, 363 F.Supp. 341, 343 (W.D.Pa.1973); 3A C.J.S. Annuities § 2 at p. 866 *and* § 3 at p. 868.

The form of a transaction is crucial in determining whether payments are annuities and exempt under the Louisiana statutes or account receivables and part of the bankruptcy estate. *See Beisel*, 13 A.2d at 421. In the present case, Young was a creditor of the Fanguy family for attorney services rendered in representing the spouse and children of Edwin Joseph Fanguy in a litigation action. The Fanguys and the defendants in that action elected to pay Neil Young, a creditor, the majority of his fee in installments at regular monthly intervals over a fourteen year period through an annuity instrument. The debt was owed to Young in July 1982 and the parties and Young, the creditor, agreed to the payment of the debt in the form of an annuity. Therefore, the monthly payments made to Young represent nothing more than installment payments on debts to cover the attorney fees owed by the Fanguys.

If Young had accepted the total fees owed to him by the Fanguys in 1982, paid taxes on the income and then purchased an annuity policy with the balance, there would be no question that the monthly payments would be exempt under the annuity statutes of Louisiana, R.S. 22:33 and 22:647(B), since he would have transferred his interest in and to the funds as consideration for the periodic payments which he was purchasing. However, in the present fact scenario, Young retains an interest in the debt which is due him. The Underwriters paid a single premium of $155,196.00 to Sullivan in consideration for the annuity payment which would pay the obligation of $1,875.00 per month to the Debtor. Young agreed to accept the debt owed to him in installments payments via an annuity policy. He has not relinquished his rights as a creditor to the sum owed by the Fanguys for services rendered. Therefore, since the Debtor has not transferred his interest in and to the debt owed to him, the payment made in satisfaction of the debt amounts to an account receivable. *See, e.g., Beisel*, 13 A.2d at 421.

Further, Young utilized the installment plan of receiving his fees as a way of deferring his income for tax purposes. By having Sullivan buy the annuity Young did not have to pay taxes on the income in 1982; he pays taxes on each monthly payment of $1,875.00 at the time he receives it. The Debtor argues that he did not have to report for tax purposes the $155,196.00 annuity lump sum, that deferred compensation is not property of the estate, and that all money made after filing for bankruptcy is considered money for a "fresh start." These claims are partially true, however, if a lawyer *earns* a fee before entering bankruptcy, those fees whether collected in hand or not are part of the bankruptcy estate regardless of how the lawyer elects to receive payment of those fees. To conclude that the payments in question are exempt under either § 20:33 or § 22:647 as payments pursuant to an annuity policy would be tantamount to approving form over substance, which this Court will not do. The monthly payments are pre-petition

earned fees owed to the Debtor as a result of a 1982 case, therefore, the payments of $1,875.00 per month are not exempt from seizure under Louisiana law.

Consequently, the Bankruptcy Court's order that the monthly payments of $1,875.00 are to be seizable as non-exempt property of the Debtor's estate, that Sullivan remit all future payments to the Trustee, and that the Debtor turn over the sum of eleven thousand two hundred and fifty and no/100 ($11,250.00) dollars representing post-petition payments made on the debt is hereby AFFIRMED.