509 So.2d 33 (1987)
SUCCESSION OF Flossie Cecile Navarre FAKIER.
No. CA 860353.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Rehearing Denied July 14, 1987.
Alice Greenburg, Houma, Patricia M. Joyce, New Orleans, for Patricia A. Fakier, executrix.
Maurice P. Mathieu, Houma, Jess J. Waguespack, Donaldsonville, for Susan L. Fakier, tutrix for minors-appellants.
*34 Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment on a motion to traverse the detailed descriptive list, to require the collation of gifts, and to require the appraisal of gifts.
The movers were Gregory C. Fakier, Glenn T. Fakier, George C. Fakier, III, and Susan L. Fakier, a minor represented by her tutrix, Lois F. Morse. They are all grandchildren of the deceased, Flossie Cecile Navarre Fakier, and represent their father, George C. Fakier, Jr., who predeceased his mother. They are appealing the trial court's judgment denying their demand to have the detailed descriptive list amended to include a diamond ring valued at $10,000.00 and five annuities totalling $301,800.00. The ring had been donated by manual gift to Mrs. Fakier's daughter, Patricia Ann, and the annuities were made payable to Patricia Ann and her sister, Mary Jude Fakier Harper, as beneficiaries.

DIAMOND RING
The collation of goods is the supposed or real return to the mass of the succession which an heir makes of property which he received in advance of his share or otherwise, in order that such property may be divided together with the other effects of the succession. La.C.C. art. 1227. Collation is always presumed; the burden is on a donee to exculpate himself from collation by clear and convincing evidence. Succession of Riggio, 468 So.2d 1279 (La.App. 1st Cir.1985), writ denied, 472 So.2d 33 (La. 1985).
However, a manual gift by a parent to a child for the child's pleasure or other use is not subject to collation. La.C.C. art. 1245. Furthermore, the donor may provide for dispensation from collation of gifts made to his children by declaring that the gift or legacy is made as an advantage or extra portion. Succession of Gomez, 223 La. 859, 67 So.2d 156 (1953). The method of declaring that the gift or legacy is made as an advantage or extra portion may be made by an act passed before a notary and two witnesses. La.C.C. art. 1232.
Mrs. Fakier had executed a statutory will in which she stated "[i]t was always my intention and the intention of George C. Fakier, Sr., that our three children would share equally, at the time of our deaths, in the estate that we had acquired together during our marriage." She explained that as a consequence of some agreements executed by her daughters and herself to transfer the family jewelry business to her son, George C. Fakier, Jr., "a significantly less dollar value was received by each of my daughters than they were apparently entitled to," and as a direct result, the heirs of her son, movers herein, had been "greatly favored" over her daughters. She therefore stated that it was her desire "to provide my two daughters with as much property, of whatever nature, movable and immovable, community and separate, including all rights and credits that I may own at the time of my death, to the fullest extent and as may be authorized by law." Other than four particular bequests to her granddaughters, Mrs. Fakier further bequeathed "the entirety of the disposable portion of my estate" to her daughters.
We agree with the trial court that the collation being sought by movers would defeat the equality among heirs which the rules of collation are designed to protect. We therefore find that the diamond ring donated to Patricia Ann Fakier by her mother is not subject to collation.

COLLATION
When Mrs. Fakier's husband, George C. Fakier, Sr., died, he left three life insurance policies, all of which named his wife as beneficiary. Mrs. Fakier elected the settlement option provided in the policies to receive the proceeds in accordance with the supplemental contracts, which provided for the proceeds to go upon her death to her two daughters as contingent beneficiaries.
Patricia Ann, executrix of the succession, testified at the hearing on this motion that her mother had attempted to purchase life *35 insurance for herself after Mr. Fakier died, but was unable to do so because of her age and health. She further testified that her mother wanted to leave the proceeds to her daughters because this method "couldn't be questioned." Unable to purchase a conventional life insurance policy, Mrs. Fakier obtained two annuity policies containing death benefits.
LSA-R.S. 22:647 provides in part:
A. The lawful beneficiary, assignee, or payee, including the insured's estate, of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use.
B. The lawful beneficiary, assignee, or payee, including the annuitant's estate, of an annuity contract, heretofore or hereafter effected, shall be entitled to the proceeds and avails of the contract against the creditors and representatives of the annuitant or the person effecting the contract, or the estate of either, and against the heirs and legatees of either such person, saving the rights of forced heirs, and such proceeds and avails shall also be exempt for all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use. (emphasis ours).
Furthermore, the Louisiana Supreme Court stated in Succession of Rabouin, 201 La. 227, 9 So.2d 529 (1942), that "insurance" is an agreement to pay a specified sum upon the death of the insured, whereas an "annuity" is an agreement to pay a specified sum to the annuitant annually during his life.
However, LSA-R.S. 22:6(1) provides that life insurance includes "the granting of annuities or survivorship benefits" and "optional modes of settlement of proceeds." We find that the primary reason Mrs. Fakier chose to designate her daughters as beneficiaries on the annuity contracts was because she wished to maintain equality among her children and because she was unable to purchase conventional life insurance. These annuities constituted death benefits and as such had the same practical effect as life insurance.
Moreover, the overriding principle in succession cases involving a last will and testament is the intent of the testatrix. Mrs. Fakier's will clearly evidences her intent to endow her daughters "to the fullest extent and as may be authorized by law."
We therefore affirm the judgment of the trial court in favor of Patricia Ann Fakier, executrix of the succession of Flossie Cecile Navarre Fakier, and against moversappellants, Gregory C. Fakier, Glenn T. Fakier, George C. Fakier, III, and Susan L. Fakier, represented by her tutrix, Lois F. Morse. All costs of this appeal are to be paid by movers-appellants.
AFFIRMED.
LANIER, J., concurs in the result.