Rosalind F. KAUFMAN

v.

**UNITED STATES of America.**

**Civ. A. No. 15551.**

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Aug. 4, 1971.

Kaufman, Anderson, Leithead, Scott & Boudreau, Lake Charles, La., for plaintiff.

Donald E. Walter, U. S. Atty., Robert H. Shemwell, Asst. U. S. Atty., Shreveport, La., Lawrence R. Jones, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., Charles G. Barnett, Atty., Tax Div., Dept. of Justice, Fort Worth, Tex., for defendant.

EDWIN F. HUNTER, Jr., District Judge:

This is a civil action for refund of a 1967 gift tax in the amount of $282.80, plus assessed interest of $28.61, which plaintiff contends was erroneously and illegally assessed and collected by defendant.

The case has been submitted for decision, based upon a stipulation between the parties, which sets forth the following agreed facts:

Plaintiff, Rosalind F. Kaufman, is a resident of the City of Lake Charles, Louisiana, and is the widow of Elias R. Kaufman who died on July 24, 1967. During the marriage between plaintiff and her late husband, funds belonging to their marital community were used to purchase certain life insurance policies upon the life of the deceased husband. At the time of his death, title to the policies remained in the community and proceeds were paid to the named beneficiaries in the following amounts:

| Payable to: | Amount |
|---|---|
| Plaintiff's daughters | $72,000.74 |
| Plaintiff | 174,918.98 |
| Total | $246,919.72 |

The defendant determined that one-half of the proceeds from the insurance policies which were payable to plaintiff's daughters represented a gift by plaintiff of her community share therein. Plaintiff paid the deficiency in gift tax thus determined, filed a claim for refund thereof, and upon disallowance of the claim instituted the instant case.

Plaintiff insists that the transfer of the proceeds of the insurance policies to her daughters, owned as community property, did not result in a taxable gift by her of her community one-half interest in those proceeds. Had Mrs. Kaufman received no part of the insurance proceeds, the direct holding of Commissioner of Internal Revenue v. Chase Manhattan Bank (5th Cir., 1958), 259 F.2d 231, would concededly require the conclusion that she made a gift of her share of the community insurance proceeds. Plaintiff seeks to distinguish from Chase because of the fact that the estate of the surviving spouse in that case was depleted by the transfer, while in the instant case Mrs. Kaufman's estate was not. This distinctive fact, it is argued, should require a different result than the one reached in Chase, because:

1. Inasmuch as Mrs. Kaufman received her husband's community interest in $175,000 and relinquished her community interest in only $72,000 of such proceeds, any transfer which might have resulted from proceeds being payable to her daughters was made for an adequate consideration and would not constitute a taxable gift.

2. The determination here runs counter to the national policy to equalize taxation among citizens of all states, both community property and common law.

All parties agree that the instant case is controlled by Chase, 259 F.2d 231 (5th Cir. 1958). There, a decedent had created an inter vivos insurance trust funded with policies of insurance on his own life. He was a resident of Texas, a community property state. Community funds had been expended in the purchase of the policies. Because decedent had retained the right to revoke the trust and change the beneficiaries, his community interest in the policies remained in his estate at his death. Under the terms of the insurance trust, income was payable to the decedent's wife for her life with the remainder to their children. The Government originally determined that, upon the death of the decedent, the surviving spouse made a gift of her community one-half interest in the insurance proceeds. The taxpayer

argued, however, that the surviving spouse made no gift of the insurance proceeds within the intendment of the gift tax statutes, but if a gift were made, the measure of the gift should be reduced by the value of the life estate that the surviving spouse received in her husband's community one-half of the insurance proceeds.

The Fifth Circuit concluded that decedent's surviving spouse made a taxable gift of the remainder interest in her community one-half of the insurance proceeds and rejected the taxpayer's argument that the value of the gift should be reduced by the value of the life estate the surviving spouse received in her deceased husband's community share of the insurance proceeds. The Fifth Circuit's decision in *Chase* was relied upon by Judge Dawkins when he held in Cox v. United States, 286 F.Supp. 761 (W.D. La., 1968), a case that is factually indistinguishable from the instant case, that a surviving spouse had, under Louisiana community property laws, made a taxable gift of her community one-half of insurance proceeds that were paid, upon the death of her husband, to third parties. See also Treasury Regulations on Gift Tax, Section 25.2511–1(h) (9).

*Chase* emphasized that gift and estate taxes are based upon the transfer of property rights and not upon the donees' or heirs' receipt of property. The Supreme Court has likewise recognized that the gift tax provisions of the Internal Revenue Code are intended to complement the estate tax statutes by preventing tax-free depletions of the transferor's estate through gifts made during his lifetime. Harris v. Commissioner of Internal Revenue, 340 U.S. 106, 71 S.Ct. 181, 95 L.Ed. 111 (1950). The estate tax and gift tax work together to form a comprehensive scheme of taxation of the transfer of an individual's wealth.

There can be no doubt that upon the death of Mr. Kaufman his community one-half interest in the $175,000 of insurance proceeds payable to his wife was *transferred* to plaintiff. Similarly, there can be no doubt that both halves of the community interest in insurance proceeds of $72,000 were *transferred* to the daughters of Mr. Kaufman. All of these transfers, under the federal scheme, must bear estate and gift taxes or the complementary plan of taxation explained in Harris v. Commissioner, supra, will be defeated.

We agree with the Government that the national policy of tax equalization compels the conclusion that in the instant case if we were to agree with plaintiff, the taxability of transfers of insurance proceeds would ultimately depend upon whether any of the proceeds are received by the surviving spouses and the amount of any proceeds thus received. If community insurance proceeds were all payable to third parties, then one-half of the transfer of such proceeds would surely, under *Chase*, constitute a gift by the surviving spouses; but what if the wife received one-fourth of the proceeds and third parties received the remaining ¾ths? Similarly, what treatment is to be accorded the situation in which the wife receives ⅓ of the community proceeds and third parties received the remaining ⅔rds; or what if the wife receives ½ and someone else receives the other ½? Obviously, such unwarranted distinctions would result if courts allow the incidence of gift taxation to be controlling, in effect, by whether the recipient of the gift was the surviving spouse or some third party, rather than concentrating upon the fact that a transfer was made. In this case, a transfer of insurance proceeds from Mrs. Kaufman to her daughters clearly occurred. That fact, and only that fact, is material.

Plaintiff has also suggested that Mrs. Kaufman received more insurance proceeds than she relinquished, and thus the transfer to the daughters was the valuable consideration within the meaning of the statutes and regulations. This argument was fully rebutted by Judge Wisdom's decision in *Chase:*

"We hold that the Moran living trust was not ambulatory; it was a present, valid trust created in 1928.

Marie is the income beneficiary under the express terms of that trust and *not* because she receives the income in *exchange* for relinquishing her half of the community as part of an assumed election to accept the benefits of the trust. We do not have before us, therefore, the question at issue in Commissioner of Internal Revenue v. Siegel, 9 Cir., 1958, 250 F.2d 339, that is, whether the wife's election to take under the will should be considered as a gift by the wife or a purchase of an annuity supported by consideration. (Emphasis added).

Mrs. Kaufman was the beneficiary under the express terms of the policies, and not because she received the proceeds in exchange for relinquishing, as part of an assumed election, her half of the community proceeds transferred to the daughters of herself and her late husband. No such election was forced. No such election was available. Her transfer of her half of the proceeds payable to her daughters was not in consideration for her receipt of the other proceeds.

There should be judgment for the Government. There is.