**Rosalind F. KAUFMAN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 71–3543.**

United States Court of Appeals, Fifth Circuit.

June 20, 1972.

Norman F. Anderson, Everett R. Scott, Jr., Anderson, Leithead, Scott, Boudreau & Savoy, Lake Charles, La., for plaintiff-appellant.

Scott P. Crampton, Asst. Atty. Gen., Lawrence R. Jones, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., Donald E. Walter, U. S. Atty., Robert H. Shemwell, Shreveport, La., Charles G. Barnett, Leonard J. Henzke, Jr., Attys., Tax Div., Dept. of Justice, Dallas, Tex., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The facts of this gift tax case are undisputed. It is the effect upon these facts of the legal emanations flowing from Commissioner of Int. Rev. v. Chase Manhattan Bank, 259 F.2d 231 (5th Cir. 1958), which this appeal must settle.

Taxpayer, Rosalind Kaufman, and her deceased husband were residents of Louisiana (a community property state) until the time of her spouse's death on July 24, 1967. During their marriage, community funds were used to purchase certain life insurance policies on Mr. Kaufman. The beneficiaries were revocably designated by Mr. Kaufman at the time he purchased the policies; upon his death the designations became irrevocable. At the time of Mr. Kaufman's death, title to the policies still remained in the community. The proceeds were paid to the named beneficiaries in the following way:

| | |
|---|---|
| Taxpayer | $174,918.98 |
| Taxpayer's two daughters | 72,000.74 |
| Total | $246,919.72 |

■ The United States takes the position, and the district court agreed, 338 F.Supp. 23, that upon Mr. Kaufman's death the taxpayer made a taxable gift of 36,000 dollars or one-half the amount paid to the daughters. Taxpayer argues that the 72,000 dollars came entirely from the deceased's share of the community since she received her share plus part of his. We agree with the taxpayer and reverse the judgment of the district court.

Both parties agree that this Court's holding in *Chase Manhattan* is dispositive, depending of course upon how one interprets its holding in the light of this case. In *Chase Manhattan* the deceased husband created an insurance trust which was to be funded at his death from the proceeds of designated insur-

ance policies. The trust provided for a life estate for his wife with gifts over at the wife's death. As in our case, at the husband's death, the designations became irrevocable. The question, as in our case, was the wife's gift tax consequences. This court held that the wife owed a gift tax on half of the entrusted insurance proceeds less the value of the life estate the wife received in that half. The value of the life estate in half the proceeds was less than the wife's share of the community (or half the proceeds). We interpret *Chase Manhattan* to hold that the wife gave away that portion of her share of the community that she did not keep. The question we must answer to decide the instant appeal is whether *Chase Manhattan* mandates any gift tax liability when the wife receives all of her share or more of the community. We hold that it does not.

The United States contends that *Chase Manhattan* supports its position that the taxpayer owes a gift on 36,000 dollars because it views this holding as simply subjecting every dollar to a sort of joint tenancy by both community partners. Thus, under the facts of this case, the United States seeks to tax one-half of any gift a deceased spouse might make, no matter how large or small and irrespective of any evidence of donative intent by the surviving spouse. Under the correct interpretation of *Chase Manhattan,* since the wife received more than her share of the total community insurance proceeds, no gift can be constructively presumed.[1]

The approach of the United States not only subverts *Chase Manhattan* but leads to double taxation and tax inequality against residents of community property states. Under the United States' theory, the 36,000 dollars, with which the wife presumptively gifted her daughters, will actually be taxed twice. Such a result completely subverts the design of the gift and estate tax laws as comprehensive and complementary, but not duplicative, schemes of taxation. This is best illustrated by the following example.[2] Assume that from a 247,000 dollar estate the taxpayer received 123,500 dollars at her husband's death, or exactly the amount of her community interest. Assume further that the remaining 123,500 dollars is bequeathed as a gift to a third person. The deceased's taxable estate will be 123,500 dollars. At the taxpayer's death, her taxable estate will also be 123,500 dollars. Thus when both spouses have died the full estate of 247,000 dollars will have been taxed. But under the rule contended for by the United States, one-half of all monies not given to the wife are taxed as a gift made by her at the time of her husband's death. Thus, she would owe a gift tax on 61,750 dollars which represents one-half of the half of the community property not bequeathed to her, but made a bequest by her husband to another. This would plainly mean that, upon the single event of the husband's death, the same 61,750 dollars would be taxed once through the estate tax on the husband's estate, and once as a gift tax assessed to the wife on her husband's death.

Utilizing this same example in the setting of a common law state demon-

---

1. Under the proper interpretation, the rule of *Chase Manhattan* applied to the facts of this case would produce this sort of result:

| | |
|---|---|
| One-half of insurance proceeds | $123,500 |
| Portion of above one-half retained by taxpayer | 123,500 |
| Tax liability | $     0 |

2. All examples will be calculated in round figures and will also assume that the value of the proceeds will not fluctuate during the lifetime of the surviving spouse. The fact that Mrs. Kaufman actually received 175,000 dollars does not affect the validity of these examples. In both common law and community property states, 51,500 dollars (175,000 dollars minus 123,500 dollars) would be subject to estate tax in both the husband's and wife's estates. In both types of states this always occurs when the surviving spouse receives more than one-half of the total estate.

strates that the government's position violates the national policy of tax equalization since such double taxation would not occur. In such a state the deceased's gross estate would be 247,000 dollars, but since he left 123,500 dollars to his wife, he receives the full marital deduction of 123,500 dollars and an estate tax is levied only on the remaining one half. The wife's taxable estate upon her later demise will be the 123,500 dollars left to her. The difference occurs because in the common law state the absence of a community ownership theory would prevent the claim of a constructive gift since the wife would have had no property interest for the United States to presume she gave away at the time of her husband's death.[3]

The United States argues, however, that no such discrimination between community property and common law states actually exists. Using for its example the sums involved in the instant case, it correctly points out that the estate of a similarly situated wife in a common law state would receive a credit under 26 U.S.C.A. § 2013 (1967) against her own estate tax liability of the amount of estate tax attributable to 51,500 dollars in the husband's estate.[4] The 51,500 dollars represents the difference between the 175,000 dollars she actually received and the 123,500 dollar portion thereof that had not previously been taxed. Following this same argument, the United States asserts that a

wife in a community property state would receive a credit on 87,500 dollars. Thus the 36,000 dollar (87,500 dollars minus 51,500 dollars) gift tax discrimination in the community property state discussed above would be remedied at this second taxing stage. The United States inexplicably arrives at the 87,500 dollar figure by taking one-half of 175,000 dollars. It argues that since this 87,500 dollars was taxed in the husband's estate the wife will get a credit on that amount in her estate. But this ratiocination is spurious. The wife's credit in a community property state will be only 51,500 dollars because this is all that she received that was previously taxed. 123,500 dollars of the 175,000 dollars she received was hers to begin with. This line of argument is in error for another reason. Section 2013 provides for credits on a decedent's estate tax for property received from another estate upon which an estate tax has already been paid. The credit is calculated in the same manner for both community property and common law states. Thus the amount of credit due in a common law state must be the same as in a community property state when the parties are similarly circumstanced. The theory advanced by the United States would subvert the policy of equality embodied in this provision.[5]

To summarize, we hold that the rule of *Chase Manhattan* attributing one half of any bequest to others as a gift

---

3. Under the correct interpretation of *Chase Manhattan,* there is no double taxation or inequality. Suppose the wife only received 100,000 dollars rather than a full one-half—123,500 dollars. In the community property state, the husband's taxable estate would be 123,500 dollars. The wife would pay a gift tax on 23,500 dollars, and an estate tax on 100,000 dollars at her death. Thus the total estate of 247,000 dollars is taxed one time, either by gift or estate taxes. In the common law state, the husband's taxable estate is 147,000 dollars because the 100,000 dollar bequest would limit the available marital deduction. At the wife's death, her taxable estate will be 100,000 dollars. Again the total estate of 247,000 dollars is once taxed.

4. It is apt to revert to the facts of the case at bar in order to make this point clear because under the example previously posited there would be a zero credit to the wife's estate in either type of state because she would have received nothing that was previously taxed.

5. In any event, even assuming the contention advanced by the United States were otherwise correct, it would only grant complete recompense under § 2013 for the constructive gift taxed at the husband's death when the wife died within two years of the husband's death. At any later time her credits under § 2013 are reduced on a sliding scale until ten years transpires between such deaths, at which point she would receive no credit at all.

by a surviving spouse in a community property state must be limited to situations in which the surviving spouse receives less than his or her community share.[6]  Where that spouse receives his or her share or more there must be some evidence of donative intent in order to assess a gift tax.[7]  We intimate no opinion as to which party must shoulder that burden or the quantum of evidence necessary to sustain the burden.  Since the record in the case at bar contains no evidence of donative intent, we must reverse the judgment of the district court.

Reversed.

See also 331 F.Supp. 1201.

---

6. Indeed, such a limitation is clearly indicated by the facts of *Chase Manhattan* itself.  In that case, the wife was required to pay a gift tax only on that part of her one-half community interest which she gave away.  That sum was of course her one-half interest reduced by the amount of that one-half she kept, *i. e.*, the trust income on that one-half for life.  Quite obviously, if the wife in *Chase Manhattan* had been left *all* her one-half interest or more as Mrs. Kaufman was here, there would be nothing left to give away and she could not be presumed to have made a gift.  Hence, no gift tax.

7. As we interpret *Chase Manhattan* and 26 C.F.R. § 25.2511–1(g) (1) (1972), no evidence of donative intent need be shown in order to assess a gift tax where the wife receives less than her share of the community.  We do not interpret 26 C.F.R. § 25.2511(h) (9) (1972), Rev.Rul. 48, 1953–1 Cum.Bull. 392, and Rev.Rul. 232, 1953–2 Cum.Bull. 268 to speak to the situation that we have before us.  If they can be construed to apply, we refuse to follow them.  Our holding is contrary to Cox v. United States, 286 F.Supp. 761 (W.D.La.1968).